2010 UT App 261
**Olga Lucia GRINDSTAFF, Petitioner and Appellant,**

v.

**Robert Lee GRINDSTAFF, Respondent and Appellee.**

No. 20090505–CA.

Court of Appeals of Utah.

Sept. 23, 2010.

James G. Clark, Provo, for Appellant.

Guy L. Black, Provo, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## MEMORANDUM DECISION

McHUGH, Associate Presiding Judge:

¶ 1 Olga Lucia Grindstaff (Wife) appeals from the trial court's orders awarding sole legal and physical custody of the parties' five children to the children's father, Robert Lee Grindstaff (Husband), excluding Wife's expert, and denying Wife's request for attorney fees. We affirm.

¶ 2 Wife does not challenge the trial court's factual findings, and therefore, we "accept the[ ] findings as true in our analysis on appeal," see d'Elia v. Rice Dev., Inc., 2006 UT App 416, ¶ 24, 147 P.3d 515. When she first met Husband in 1995, Wife already had three children of her own. Wife and Husband got married in 1996 and the marriage produced five additional children, including one child with special needs. In 2006, Wife filed for divorce so that she could move to Nevada and marry another man with whom she had become romantically involved. Both

Husband and Wife sought legal and physical custody of their five children.[1] After receiving a custody evaluation and conducting a trial, the trial court awarded custody to Husband, with Wife receiving parent time rights as a relocating parent, see Utah Code Ann. § 30–3–37 (Supp.2010),[2] due to her move to Nevada.[3] The trial court also denied Wife's request for attorney fees incurred when Wife successfully brought an order to show cause to enforce a temporary support order. Wife now appeals from the trial court's rulings.

¶ 3 Wife first asserts that the trial court "failed to properly analyze, weigh, and apply the statutory and common law [custody] factors," and therefore erred in awarding custody to Husband. We review custody determinations under an abuse of discretion standard, Hudema v. Carpenter, 1999 UT App 290, ¶ 21, 989 P.2d 491, giving the trial court "broad discretion" to make an initial custody award, see Davis v. Davis, 749 P.2d 647, 648 (Utah 1988). On appeal, we "may not engage in a reweighing of the evidence," In re B.R., 2007 UT 82, ¶ 12, 171 P.3d 435; see also Hutchison v. Hutchison, 649 P.2d 38, 41 (Utah 1982) ("Assessments of the applicability and relative weight of the various [custody] factors ... lie within the discretion of the trial court."), and we will affirm the trial court's custody award so long as the trial court's "discretion is exercised within the confines of the legal standards we have set, and the facts and reasons for the decision are set forth fully in appropriate findings and conclusions," Davis, 749 P.2d at 648 (citation omitted).

1. Wife's three older children remained in her custody, and the custody of those children is not at issue in this case.

2. Because there have been no substantive changes to the relevant statutory provisions, we cite to the current version of the Utah Code as a convenience to the reader.

3. Since filing her appeal, Wife has permanently moved back to Utah and she currently lives in the same community as Husband and the children. After returning to Utah, Wife sought to modify the existing custody and visitation orders. There has been no change in the custody award, but the parties stipulated to a change in the amount of Wife's parent time. The most recent order in the trial court, which supersedes the previous order, awards Wife parent time pursu-

ant to Utah Code section 30–3–35, rather than under section 30–3–37. Thus, Wife's argument that the trial court erred in awarding her parent time less than the amount specified in section 30–3–37 is now moot because her rights under that section are no longer at issue and a ruling in Wife's favor would not affect her rights under the order now in effect. See generally Salt Lake City v. Tax Comm'n of Utah ex rel. Mountain States Tel. & Tel. Corp., 813 P.2d 1174, 1177 (Utah 1991) (stating that a case is moot "when the requested relief cannot affect the rights of the litigants" (internal quotation marks omitted)); Saunders v. Sharp, 818 P.2d 574, 577 (Utah Ct. App.1991) (stating that a case is moot "when substantive issues are resolved prior to appeal").

¶ 4 Wife contends that the trial court abused its discretion because it did not give proper weight to her claim that she was the primary caretaker of the children and the fact that she was able to provide personal care for the children while Husband had to use surrogate care due to his work schedule. In making a custody determination, a trial court's primary focus is what custody arrangement would be in the best interests of the child. *See* Utah Code Ann. § 30–3–10(1)(a) ("In determining any form of custody, the court shall consider the best interests of the child....."); *Cummings v. Cummings,* 821 P.2d 472, 478 (Utah Ct.App.1991) ("The overriding consideration in child custody determinations is the child's best interests."). To make such a determination, courts consider numerous factors, including those set forth in Utah's custody statutes, *see* Utah Code Ann. §§ 30–3–10(1)(a), –10.2(2)(a)–(j) (2007 & Supp.2010), and "any other factors the court finds relevant," *id.* § 30–3–10.2(2)(j) (2007). *See generally Pusey v. Pusey,* 728 P.2d 117, 120 (Utah 1986) (stating that a trial court's custody determination should "be based on function-related factors"); *Hutchison,* 649 P.2d at 41 (identifying the typical factors that trial courts consider in determining which party should be awarded custody). Because these factors are not "on equal footing" and the weight given to each may "range[ ] from the possibly relevant to the critically important," a trial court must exercise its "discretion to determine ... where a particular factor falls within the spectrum of relative importance and to accord each factor its appropriate weight." *Hudema,* 1999 UT App 290, ¶ 26, 989 P.2d 491.

¶ 5 In support of her argument that the trial court failed to give proper weight to the fact that she was the children's primary caretaker, Wife relies on previous appellate court authority stating that "considerable weight should be given to which parent has been the child's primary caregiver," *Davis,* 749 P.2d at 648. While Wife is correct that the primary caretaker factor is among the most important a court considers, *see Hudema,* 1999 UT App 290, ¶ 26, 989 P.2d 491 ("At the critically important end of the spectrum, when the child is thriving, happy and well-adjusted, lies continuity of placement." (citing *Davis,* 749 P.2d at 648)), she mischaracterizes the findings and conclusions of the trial court. In its findings, the trial court expressly stated that the primary caretaker factor favored neither party because Husband and Wife "were *equally* engaged in the care and nurturing of the children before the divorce." (Emphasis added.) Because Wife does not challenge that finding,[4] we reject her argument that the trial court failed to properly weigh her claim that she was the children's primary caretaker.[5]

---

4. Wife does not mention the trial court's finding in her opening brief but does acknowledge it in her reply brief, stating that "[t]here is no analysis, no finding of fact[ ] on this prominent issue," and that, in finding that the parties were equally involved, the "[c]ourt might just as well have said: 'I reject your reality and substitute my own.'" Based on the established rule that "we will not consider matters raised for the first time in the reply brief," *Coleman v. Stevens,* 2000 UT 98, ¶ 9, 17 P.3d 1122, we decline to address that argument. Furthermore, Wife failed to marshal the evidence supporting the trial court's finding, *see generally* Utah R.App. P. 24(a)(9) (discussing the marshaling requirement), including testimony from Wife's oldest daughter and the custody evaluator that, before the divorce, Wife's personal care of the children was limited because she "relied ... excessively on [her] grown children" to provide care for the younger children.

5. Moreover, even if Wife had been the children's primary caretaker during the parties' marriage, that factor would not weigh as heavily in favor of Wife in this case. Indeed, we have attached lesser weight to the primary caretaker factor where giving one parent "primary physical custody will not truly preserve stability and continuity in the child's life," such as where the parent "change[s] the interpersonal dynamics of [his or] her household by remarrying and by moving from [the child's] lifelong ... home to a new home in another state." *Hudema v. Carpenter,* 1999 UT App 290, ¶ 27, 989 P.2d 491. Furthermore, it has now been four years since Wife first filed for divorce and moved to Nevada. Husband has been the children's primary caregiver for most of that time, and thus, the primary caretaker factor may now weigh in favor of Husband. *Cf. Hanson v. Hanson,* 2009 UT App 365, ¶ 4 n. 2, 223 P.3d 456 (noting that, if the case were remanded, the fact that the children had been in father's custody since the divorce would undermine the relevance of mother's claim that she had been the primary caretaker during the marriage); *Davis v. Davis,* 749 P.2d 647, 648–49 (Utah 1988) (giving "considerable weight" to the fact that one parent had been the child's "pri-

¶ 6 We also find no error in the weight given to the fact that Wife was in the best position to provide personal rather than surrogate care after the divorce. The record demonstrates that the trial court took that factor into consideration, expressly stating that it was "a strong argument that [Wife] should have custody." The trial court then weighed that factor against its findings that stability and remaining in the present schools and community was "important for all the children but *critical* for the special needs child," and that Husband was "the most likely to provide a stable, nurturing home life." (Emphasis added.) The trial court ultimately concluded that Husband should be awarded custody because the "critical" need for stability "outweigh[ed] any negative consequences" associated with surrogate care.[6] Given the trial court's unchallenged finding that stability was of critical importance, we find no error in the trial court's conclusion that it would be in the children's best interest to award custody to Husband based on its conclusion that the need for stability outweighed Wife's ability to provide personal care. *Cf. Hanson v. Hanson*, 2009 UT App 365, ¶¶ 3, 7, 223 P.3d 456 (finding the fact that the father was less likely to restrict access to the other parent sufficiently "compelling" to outweigh the fact that mother had been the children's lifelong caregiver); *Larson v. Larson*, 888 P.2d 719, 723 (Utah Ct. App.1994) (indicating that "compelling evidence" that the children's best interests would be served by remaining within a particular community may outweigh other important factors such as "allowing them to continue to reside with their life-long primary caregiver").

¶ 7 For similar reasons, we also reject Wife's contention that the trial court erred by failing to grant her joint legal custody of the children. Joint legal custody "means the sharing of the rights, privileges, duties, and powers of a parent by both parents," Utah Code Ann. § 30–3–10.1(1)(a) (2007), and many of the same factors relevant to a physical custody determination are also relevant to the question of whether joint legal custody is appropriate, *see id.* § 30–3–10.2(2)(c)–(d). The trial court found that only two of those factors weighed in favor of joint legal custody: the parties' equal participation in raising the children prior to the divorce and the parties' ability to encourage the children to have a positive relationship with the other parent, *see id.* § 30–3–10.2(2)(a)–(b), (e), (g)–(j). In contrast, the trial court found that the following statutory factors—which also weighed in favor of a custody award to Husband—weighed against joint legal custody: the parties' inability to cooperate and work together on matters affecting the children, the parties "radically different ideas" about and Wife's failure to communicate with Husband regarding medical care for the child with special needs, Wife's reported abusive conduct and unwillingness to put the children's needs above her own in making decisions, and the substantial distance between the parties' homes.[7] *See id.* These unchallenged facts support the trial court's finding that it would have been difficult for the parties to share parenting responsibilities as required in a joint legal custody context, *see id.* § 30–3–10.1(1)(a). Therefore, we hold that the trial court did not exceed its discretion in concluding that joint legal custody was not in the children's best interest.

mary caregiver" during the four years that divorce and custody proceedings were ongoing).

6. The trial court also found that several other factors weighed in favor of Husband receiving custody, including that Husband was emotionally "more stable," while Wife reportedly engaged in abusive conduct toward the children on two occasions and was "demonstrably less likely to place the needs of the children ahead of her own desires and needs." Other factors the trial court considered weighed equally in favor of both parties. Indeed, the trial court emphasized that it "had to make a choice between two loving and

caring parents," that both parties have "great love and concern for the children," and that both parties have "much to offer the[] children." Ultimately, the trial court concluded that Husband should be awarded custody.

7. In entering its findings, the trial court explained that based upon its weighing of the statutory factors, it was rejecting the custody evaluator's recommendation that the parties should be awarded joint legal custody. Accordingly, we reject Wife's claim that the trial court failed to set forth findings regarding its deviation from the custody evaluator's report.

¶ 8 Wife next argues that the trial court abused its discretion when it found that her expert witness was unqualified and excluded the expert's testimony. "It is well established that trial courts have wide discretion in determining the admissibility of expert testimony. Consequently, absent a clear abuse of this discretion, an appellate court will not reverse the trial court's determination." *State v. Kelley,* 2000 UT 41, ¶ 11, 1 P.3d 546 (citations omitted).

¶ 9 Rule 702(a) of the Utah Rules of Evidence provides that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Utah R. Evid. 702(a). Wife sought to introduce the testimony of her expert to rebut the findings of the custody evaluator and to testify regarding the psychological care of Wife and the parties' child with special needs. At trial, Wife's counsel conceded that the expert was not qualified to testify as a custody evaluator under the Rules of Judicial Administration, *see* Utah R. Jud. Admin. 4–903, which would prevent him from rebutting the custody evaluator's findings,[8] *cf. Evans ex rel. Evans v. Langston,* 2007 UT App 240, ¶ 10, 166 P.3d 621 (explaining that an expert medical witness is ordinarily required to be the same type of practitioner as the expert he or she is called to rebut).

¶ 10 Both Wife's counsel and the expert further acknowledged that the expert's background and experience was limited to the areas of brain injury and substance abuse. Thus, although the expert had "substantial experience" in those areas, the trial court found that the expert's experience was not relevant because the expert was not qualified as a custody evaluator and there was

"no indication ... that there [was] any addiction or substance abuse problem," or any "history of brain injury" in the case.

¶ 11 On appeal, Wife argues that the expert was qualified to testify because he "was prepared to [r]ebut" the custody evaluator's findings and had experience with the evaluation and treatment of Wife and the parties' child with special needs. However, Wife fails to point to any aspect of the expert's "knowledge, skill, experience, training, or education," Utah R. Evid. 702(a), that would qualify him either as a custody evaluator or to testify regarding Wife's mental health or the treatment of the parties' child with special needs. Instead, Wife again cites to the expert's experience operating a brain injury clinic and his previous testimony in Nevada court cases dealing with substance abuse and addiction. As the trial court stated, none of that experience is relevant to the issues that were before the trial court in this case. Therefore, we hold that the trial court acted within its discretion in excluding Wife's expert from testifying.[9]

¶ 12 Finally, we turn to Wife's argument that the trial court was required to award her reasonable attorney fees, pursuant to the attorney fees statute, *see* Utah Code Ann. § 30–3–3 (Supp.2010), for prevailing on the order to show cause. We generally "review a trial court's decision regarding attorney fees in a divorce proceeding for an abuse of discretion. However, the proper interpretation of a statute is a question of law," which we "review[ ] for correctness." *Connell v. Connell,* 2010 UT App 139, ¶ 6, 233 P.3d 836 (citation and internal quotation marks omitted). Wife urges us to adopt a rule "that if a party is in contempt for non payment of a claim, and the party has the ability to pay the claim, then the party should be required to pay the attorney[ ] fees incurred in the enforcement action," and to order that Husband pay her attorney fees. Even if we were

---

**8.** In arguing that the expert was qualified to testify, counsel stated, "[W]e're not talking about the issues involved in a custody evaluation, we're talking about the evaluation and treatment of [the child with special needs], and evaluation of some of the clinical testing work that was done on [Wife]."

**9.** Wife's additional argument that Husband was prevented from objecting to the expert's trial

testimony by the Utah Rules of Civil Procedure is without merit. The specific section Wife referenced deals solely with the use of depositions and exhibits, *see* Utah R. Civ. P. 26(a)(4)(C), while the admissibility of expert testimony is addressed in a different section that does not require that an objection be raised before trial, *see id.* R. 26(a)(3)(B).

to adopt such a rule, it would not apply in this case because the trial court denied Wife's request based on its finding that Husband did not have the ability to pay the attorney fees.[10] *See* Utah Code Ann. § 30–3-3(2) ("The court, in its discretion, may award no fees ... against a party if the court finds the party is impecunious...."). Moreover, both the attorney fees statute and the cases cited by Wife in support of such a rule indicate that trial courts have significant discretion in awarding or declining to award attorney fees for actions to enforce court orders. *See id.; Connell,* 2010 UT App 139, ¶ 30, 233 P.3d 836; *see also Butler v. Butler,* 23 Utah 2d 259, 461 P.2d 727, 729–30 (1969) ("The duty to hold in contempt in a civil matter in order to afford relief to another party does not lie within the discretion of the trial court, *although the form of the punishment necessary to [e]nsure compliance with orders is, and should be, within the sound discretion of the court.*" (emphasis added)). Therefore, the trial court acted within its discretion under the attorney fees statute in denying Wife's request for attorney fees.

¶ 13 The trial court gave proper weight to the relevant factors in determining that Husband should be awarded legal and physical custody of the parties' children. Because Wife's expert was not qualified as a custody evaluator or to testify regarding the issues in this case, the trial court did not exceed its discretion when it excluded the expert's testimony. Based on its finding that Husband lacked the ability to pay, the trial court also acted within its discretion when it denied Wife's request for attorney fees related to the order to show cause.[11]

¶ 14 Affirmed.

¶ 15 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and STEPHEN L. ROTH, Judge.

---

**10.** Again, Wife does not challenge the trial court's findings, including its finding that Husband lacked the ability to pay the attorney fees, and in any event, Wife fails to marshal the evidence supporting that finding.

**11.** To the extent that the parties raise any additional issues related to the support orders entered by the trial court, we conclude that these issues were either not preserved for appeal or were inappropriately raised in the reply brief and decline to address the merits of their arguments.