**2017 UT App 216**

# THE UTAH COURT OF APPEALS

MICHAEL W. RISHER III,
Appellant,
*v.*
AMY M. EMERSON,
Appellee.

Opinion
No. 20160389-CA
Filed November 24, 2017

Third District Court, Tooele Department
The Honorable Robert W. Adkins
No. 154300059

Eric M. Stott and T. Jake Hinkins, Attorneys
for Appellant

Russell W. Hartvigsen and Edwin S. Jang, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and DIANA HAGEN concurred.

MORTENSEN, Judge:

¶1 Michael W. Risher III and Amy M. Emerson are the natural parents of Child. To legally establish his rights as the father of Child, Risher filed a petition for parentage. That petition was litigated before the trial court. The court reached a number of conclusions at trial and subsequently entered an order of parentage, which included determinations as to parent time, child support, surrogate care, decisional authority, and attorney fees. Because the trial court made virtually no factual findings whatsoever and provided no reasoning for its conclusions, we reverse.

¶2 Child was born in December 2013. Never married to each other, Risher and Emerson informally set up a schedule for visitation, arranged child support, and addressed a number of other issues. Nevertheless, contentions arose and in February 2015, Risher filed a petition for parentage. Litigation followed, and the parties were ultimately able to reach a stipulation on many issues. Custody and visitation issues remained unresolved and a one-day trial was held in March 2016. At the conclusion of the trial, the court indicated what it intended to order and asked Emerson's counsel to submit proposed findings of fact and conclusions of law, along with a proposed decree. Upon entry of the findings, conclusions, and order of parentage, this appeal followed.

¶3 Determinations of custody and visitation are typically reviewed under an abuse of discretion standard. *Grindstaff v. Grindstaff*, 2010 UT App 261, ¶ 3, 241 P.3d 365. We "will affirm the trial court's custody award so long as the trial court's discretion is exercised within the confines of the legal standards we have set, and the facts and reasons for the decision are set forth fully in appropriate findings and conclusions." *Id.* (citation and internal quotation marks omitted).

¶4 "Adequate findings of fact enable meaningful appellate review because an appellate court can understand the trial court's reasoning and assess its compliance with governing law." *Keyes v. Keyes*, 2015 UT App 114, ¶ 29, 351 P.3d 90 (citation and internal quotation marks omitted). "Findings are adequate only if they are sufficiently detailed and include enough subsidiary facts to disclose the steps by which" the trial court reached its conclusion on each factual issue. *See Taft v. Taft*, 2016 UT App 135, ¶ 14, 379 P.3d 890 (citation and internal quotation marks omitted).[1]

---

1. Myriad cases from this court have required sufficient factual findings for effective appellate review. *See, e.g.*, *Oldroyd v.*

(continued…)

¶5    On appeal, Risher challenges the trial court's decision to award sole physical custody to Emerson. Specifically, Risher argues that the custody award was not in Child's best interests. Risher further challenges the trial court's determination that Emerson should be given final say on matters upon which the parties cannot agree. Further, Risher notes that the trial court ordered a visitation schedule that constituted a reduction in parent time compared to the visitation schedule that the parties followed under pretrial temporary orders. Risher also challenges the trial court's determination that only twelve times per year, upon seven-days' notice, could Risher exercise a right of first refusal and provide care for Child when Emerson was working. Risher also raises additional issues. As to all issues, Risher maintains that the trial court made no findings and provided no reasoning for its conclusions.

¶6    Our review of the findings of fact, conclusions of law, and the order of parentage shows this assertion to be correct. While it is true that the trial court signed a document captioned "Findings of Fact and Conclusions of Law," that document

---

(…continued)

*Oldroyd*, 2017 UT App 45, ¶¶ 8, 11, 397 P.3d 645; *Roberts v. Roberts*, 2014 UT App 211, ¶ 14, 335 P.3d 378; *Rayner v. Rayner*, 2013 UT App 269, ¶ 4, 316 P.3d 455; *Hall v. Hall*, 858 P.2d 1018, 1021 (Utah Ct. App. 1993); *Sukin v. Sukin*, 842 P.2d 922, 923–24 (Utah Ct. App. 1992); *Allred v. Allred*, 797 P.2d 1108, 1111 (Utah Ct. App. 1990); *Stevens v. Stevens*, 754 P.2d 952, 958 (Utah Ct. App. 1988). While this court appreciates that findings of fact and conclusions of law are often prepared by counsel, this does not dispense with a trial court's obligation to ensure that sufficient facts support a conclusion. *See Boyer Co. v. Lignell*, 567 P.2d 1112, 1113 (Utah 1977) (recommending that trial judges not "mechanically adopt" findings prepared by a prevailing party). Once signed, findings, conclusions, and orders prepared by counsel become the statements of the court.

contains no findings whatsoever. The document also fails to contain any reasoning for the court's conclusions.

¶7     In *Allen v. Allen*, 2014 UT App 27, 319 P.3d 770, this court explained,

> Child custody determinations are "highly personal and individual, and do not lend themselves to the means of generalization employed in other areas of the law." *Roberts v. Roberts*, 835 P.2d 193, 196 (Utah Ct. App. 1992). As a result, "[u]nlike support and alimony determinations, . . . there is no checklist of custody factors," *id.*, that "can govern custody determinations in all cases," *Smith v. Smith*, 726 P.2d 423, 426 (Utah 1986). But "the factors relied on by the trial judge in awarding custody must be articulable and articulated in the judge's written findings and conclusions." *Id.* Utah Code sections 30-3-10 and 30-3-10.2 list a number of factors courts consider when making a child custody award, including "which parent is most likely to act in the best interest of the child, including allowing the child frequent and continuing contact with the noncustodial parent," Utah Code Ann. § 30-3-10(1)(a)(ii) (LexisNexis 2013), "the extent of bonding between the parent and child, meaning the depth, quality, and nature of the relationship between parent and child," *id.* § 30-3-10(1)(a)(iii), and "any other factors the court finds relevant," *id.* § 30-3-10.2(2)(j).

*Allen*, 2014 UT App 27, ¶ 8 (alteration and omission in original) (footnote omitted).

¶8     It is impossible, given the record, to determine the basis upon which the trial court ruled or whether the trial court considered *any* of the factors governing an award of custody. No facts or conclusions are articulated. We are likewise unable to

conclude whether the trial court's determinations as to visitation were made within the trial court's discretion because the trial court failed to make factual findings or provide any reasoning on this issue as well.[2] Under such circumstances, we have no choice but to reverse the order and remand this matter to the trial court for the entry of adequate findings and analysis. *See Taft*, 2016 UT App 135, ¶¶ 29–30.

¶9     Reversed and remanded.

───────────

---

2. We have reviewed the other issues of claimed error and conclude that they are so intertwined with the custody determination that any review of those issues should await the findings and conclusions that will be forthcoming on remand.