**2018 UT App 143**

## THE UTAH COURT OF APPEALS

MACAELA DAY,
Appellant and Cross-appellee,

*v.*

TYLER BARNES,
Appellee and Cross-appellant.

Opinion
No. 20160974-CA
Filed July 27, 2018

Second District Court, Farmington Department
The Honorable David M. Connors
No. 134700668

Theodore R. Weckel Jr., Attorney for Appellant
and Cross-appellee

Eric B. Barnes and Jason F. Barnes, Attorneys for
Appellee and Cross-appellant

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and RYAN M. HARRIS
concurred.

MORTENSEN, Judge:

¶1     Macaela Day and Tyler Barnes are mother and father to Child. Child was born in 2010, when Day was about fifteen and Barnes was about seventeen. Day and Barnes have struggled over custody for most of Child's life. In this iteration of that struggle, both parties contend that the district court erred.

¶2     Day appeals the district court's custody determination on her motion to relocate, which the parties first argued before a commissioner. Because we conclude that the district court applied the wrong standard in making its findings and

conclusions, we vacate the district court's order and remand for further proceedings.

¶3     Barnes appeals the district court's order, alleging that the order establishes an automatic future modification to the custody order upon Day's decision to relocate. We conclude that the order does not operate as Barnes alleges.

BACKGROUND

¶4     We join the parties' custody saga at a moment of apparent, though short-lived, agreement. In April 2013, the parties stipulated—and a Massachusetts court accepted—that Barnes, who lived in Utah, would be awarded temporary custody of Child, with standard parent time for Day, who lived in Massachusetts. Just under one month later, Day filed a petition in Utah, requesting that Utah courts assume jurisdiction of the case and award custody to her. The district court assumed jurisdiction of the case and ultimately denied Day's motion for custody. In so doing, the court kept the temporary custody agreement in place, awarding Barnes primary physical custody of Child should Day remain in Massachusetts, but awarding the parties shared custody should Day relocate to Utah.

¶5     Day continued to reside in Massachusetts, although she also periodically lived in Utah for months at a time. Day filed another motion to modify temporary custody, which the court denied. As the case progressed toward trial, the parties reached another stipulation, providing that, should Day move back to Utah, Day would be designated as Child's primary caregiver and that she would have final decision-making authority under a joint legal and physical custody framework.

¶6     In July 2015, Day moved to Utah. However, in September 2015, Day provided notice of her intent to relocate back to Massachusetts. When Barnes opposed the relocation, Day filed a motion to relocate.

¶7 A hearing on Day's motion to relocate was held before a commissioner. As per usual procedure, the commissioner entertained oral argument but did not take evidence. The commissioner recommended denial of the motion. Day objected to the commissioner's recommendation and the district court held an evidentiary hearing. The district court overruled Day's objection to the commissioner's recommendation and denied her motion. In its ruling, the district court concluded that "[a] party objecting to the Commissioner's recommendation has the burden of demonstrating that the Commissioner's recommendation is incorrect." The court found that Day had "not presented new circumstances that the [c]ourt did not already consider in its [previous custody determination], except for evidence that she is now in a serious relationship with a boyfriend and has plans to be married in the future."

¶8 The court concluded that Day "has not carried her burden of demonstrating that the Commissioner's recommendations were incorrect and that moving the child to Massachusetts would be in the child's best interest" because "[t]he new evidence presented related to [Day's] blossoming relationship with her new boyfriend is not a factor that renders the Commissioner's recommendation erroneous."

¶9 In denying Day's motion to relocate, the court ruled that "[n]othing in this Order modifies the general provisions of the [previous] stipulated order that designate [Day] as the primary custodial parent, with the parties exercising one week on, one week off shared parent time, if [Day] actually relocates to Utah." The court continued, "If [Day] elects to return to Massachusetts, the custody arrangement will return to that stated in the [c]ourt's [earlier custody order]."

¶10 Day appeals the court's denial of her motion to relocate. Barnes cross-appeals, arguing that the court's order improperly establishes an automatic modification to custody in the event that Day decides to relocate.

ISSUES AND STANDARDS OF REVIEW

¶11    Day alleges four errors: (1) the district court erred by interpreting rule 108 of the Utah Rules of Civil Procedure as placing a burden on the complaining party to prove the commissioner's recommendation was erroneous; (2) the court should have factored the parties' difficulty co-parenting into its analysis; (3) the court's findings were legally insufficient; and (4) the district court abused its discretion in failing to grant Day's motion to relocate. We reach only the first issue: whether the district court misinterpreted rule 108.

¶12    "A district court's interpretation of a rule of civil procedure presents a question of law that is reviewed for correctness. We interpret court rules, like statutes and administrative rules, according to their plain language." *Strand v. Nupetco Assocs. LLC*, 2017 UT App 55, ¶ 4, 397 P.3d 724 (cleaned up).

¶13    On cross-appeal, Barnes contends that the district court's order inappropriately authorizes an automatic future modification to the final decree. We review custody determinations for an abuse of discretion. *Grindstaff v. Grindstaff*, 2010 UT App 261, ¶ 3, 241 P.3d 365. "However, to the extent that determination is based on a conclusion of law, . . . we review the modification decision for correctness." *Kielkowski v. Kielkowski*, 2015 UT App 59, ¶ 9, 346 P.3d 690, *cert. granted*, 362 P.3d 1255 (Utah 2015) (cleaned up).

ANALYSIS

I. Day's Appeal

¶14    In ruling on Day's motion to relocate, the district court concluded that, under rule 108 of the Utah Rules of Civil Procedure, "[a] party objecting to the Commissioner's recommendation has the burden of demonstrating that the

Commissioner's recommendation is incorrect." This is an erroneous interpretation of the rule; no such burden exists.

¶15    Rule 108 generally governs objections to a court commissioner's recommendation. In reference to the form of the objection, the rule states,

> The objection must identify succinctly and with particularity the findings of fact, the conclusions of law, or the part of the recommendation to which the objection is made and state the relief sought. The memorandum in support of the objection must explain succinctly and with particularity why the findings, conclusions, or recommendation are incorrect.

Utah R. Civ. P. 108(b). In reference to the district court's decision on the objection, the rule explains,

> The judge will make *independent* findings of fact and conclusions of law based on the evidence, whether by proffer, testimony or exhibit, presented to the judge, or, if there was no hearing before the judge, based on the evidence presented to the commissioner.

*Id.* R. 108(f) (emphasis added). As stated, we "interpret court rules, like statutes and administrative rules, according to their plain language." *Strand v. Nupetco Assocs. LLC*, 2017 UT App 55, ¶ 4, 397 P.3d 724 (cleaned up). Courts are, in short, bound by the text of the rule. *See State v. Lucero*, 2014 UT 15, ¶ 32, 328 P.3d 841 (discussing the prejudice analysis under rule 403 of the Utah Rules of Evidence and explaining that "courts are bound by the text of rule 403"), *abrogated on other grounds by State v. Thornton*, 2017 UT 9, 391 P.3d 1016. Further, we "read the plain language of the rule as a whole, and interpret its provisions in harmony

with other rules." *Gardiner v. Taufer*, 2014 UT 56, ¶ 26, 342 P.3d 269 (cleaned up).

¶16   Looking to the plain language of rule 108, it does not provide for an appeal-like review of a commissioner's decision, but instead requires "independent findings of fact and conclusions of law based on the evidence."[1] Utah R. Civ. P. 108(f). Thus, the rule is explicit that the district court's review is independent on both the evidence and the law.

¶17   This makes sense for several reasons. First, the quantum and quality of the evidence presented to the district court under rule 108 may be materially different from that which was presented to the commissioner. Typically, proceedings before the commissioner are conducted by proffer. In contrast, while a district court may sometimes proceed by proffer or by reviewing the record established before the commissioner, *see id.*, district courts more often conduct evidentiary hearings on objections, and indeed, in cases such as the one presented here—where custody is at issue—the district court must allow live testimony when requested, *see id.* R. 108(d)(3)(A) ("If the hearing before the commissioner was in a domestic relations matter other than a cohabitant abuse protective order, *any party has the right*, upon request: . . . to present testimony and other evidence on genuine issues of material fact relevant to custody."(emphasis added)).

---

1. The district court's review of the evidence is not a true de novo proceeding. Rule 108 limits the scope of evidence allowed before the district court. *See* Utah R. Civ. P. 108(c) ("If there has been a substantial change of circumstances since the commissioner's recommendation, the judge may, in the interests of judicial economy, consider new evidence. Otherwise, any evidence, whether by proffer, testimony or exhibit, not presented to the commissioner shall not be presented to the judge.").

¶18   Second, by operation of the rule, rulings made by the commissioner become the order of the district court until modified by that court. *See id.* R. 108(a). It would make little sense that the district court would be limited in reviewing what is essentially its own order. In any event, given subsection (f)'s explicit mandate requiring independent findings by the court, we hold that the district court erred in concluding that rule 108 places a burden on the objecting party to demonstrate error.

¶19   In reaching its erroneous conclusion, the district court appears to have unduly focused on rule 108(b)'s requirement that the objecting party articulate why the findings, conclusions, or recommendations are incorrect. *See id.* R. 108(b). The district court concluded that the specificity of these requirements places a burden of persuasion on the moving party akin to overcoming a presumption in favor of the commissioner's recommendation. Such a reading, however, ignores the clear requirement of independent findings and conclusions in subsection (f), and reads too much into subsection (b). The requirements in rule 108(b) are briefing requirements intended to identify exactly what part of the proceeding a party objects to. Objections to a commissioner's recommendation can be filed only within fourteen days of a ruling.[2] *Id.* R. 108(a). Subsection (b) then explains that the procedural requirements governing the filing—including the time for filing, length, and content of memoranda—are found in rule 7. Accordingly, subsection (b) speaks to the briefing requirements in submitting the objection to the court, not to the scope or nature of the court's review. Thus, rule 108(b)'s requirements of specificity do not relieve the district court from its obligation to make its own "independent findings of fact and conclusions of law based on the evidence." *See id.* R. 108(f). Such a reading is consistent with our precedent

---

2. Thereafter, a party would need to avail itself of other rules, such as rule 59, which carry obstacles to readdressing issues not found in rule 108. *See* Utah R. Civ. P. 59.

to read the rule as a whole, *see Gardiner*, 2014 UT 56, ¶ 26, and therefore we must consider subsection (b)'s requirements in light of subsection (f)'s clear direction.

¶20 Despite having misconstrued Day's burden, the district court appears to have made findings and conclusions unique to its review of the evidence. The court ruled that "[t]he new evidence presented related to [Day's] blossoming relationship with her new boyfriend is not a factor that renders the Commissioner's recommendation erroneous." But this conclusion is still couched in a misapplication of the rule—that Day, as the objecting party, bears the burden of demonstrating that the commissioner's recommendation was erroneous. Ultimately, the district court's findings and conclusions were weighed on an unbalanced scale. On the record before us, we cannot ascertain the degree to which the decision may have been different had the district court not wrongly applied a burden to Day. We therefore vacate the district court's order and remand with instruction that the district court make independent findings and conclusions without imposing an erroneous burden of proof.

¶21 We note that the district court is not necessarily required to rehear the evidence. Nothing in the district court's order or Day's arguments on appeal indicate that there was some error in the presentation of evidence. The district court may elect to hear evidence, or it may elect to rule on the motion based on the record it has already received consistent with the holding of this opinion. Further, because we are remanding for the district court to conduct an independent and burden-free review, we will not speculate on what the court may do upon remand. Thus, we do not reach the other issues Day brings on appeal.

## II. Barnes's Cross-Appeal

¶22 Barnes also appeals the district court's order. He alleges that the district court established an automatic modification to custody upon a triggering event: Day's relocation to or from

Utah. Because we are remanding this matter for independent findings and conclusions, we recognize that we need not address this issue now. However, because the issue is likely to arise on remand, we choose to address it. *See State v. Low*, 2008 UT 58, ¶ 61, 192 P.3d 867. Here, Barnes mischaracterizes the order, and we conclude that the court's order does not operate as Barnes alleges.

¶23 The district court ruled, "Should [Day] remain in or return to Utah, her final say authority, as set forth in the [stipulated] order, shall not be construed to permit her to take the child out of school to travel to Massachusetts or elsewhere while school is in session, unless the parties otherwise mutually agree in advance in writing. . . . If [Day] elects to return to Massachusetts, the custody arrangement will return to that stated in the [c]ourt's [previous custody order]." Barnes argues that this ruling violates precedent, rules, and statutory requirements for modification of a decree. Barnes maintains that the order erroneously ratifies a modification in the future without requiring a showing of a change in circumstances. But the district court's order did not ratify an automatic future modification. Instead, the ruling addressed the present best interests of Child. Specifically, the ruling rested upon a subsidiary finding that at the present time it was not in Child's best interest to move to Massachusetts. Barnes does not assail this finding in the cross-appeal.[3] Accordingly, given the established history of Day's frequent moves between Utah and Massachusetts—and assuming it was in Child's best interest to remain in Utah—the district court addressed what custody arrangement would pertain should Day live in Utah and

---

3. Promoting the best interests of the child is, after all, the beginning and the end of all custody determinations, including motions to relocate, and is an objective that "should never be lost sight of." *Elmer v. Elmer*, 776 P.2d 599, 604 (Utah 1989) (cleaned up).

likewise addressed what arrangement would pertain should Day continue to reside in Massachusetts. *See Pingree v. Pingree*, 2015 UT App 302, ¶ 7, 365 P.3d 713 (affirming a district court's custody evaluation on a request for relocation where the order concluded that "if [m]other insisted on relocating, a change in custody would be warranted").

¶24 Because the district court's order outlines custody based upon both where Day chose to reside at the time of the order and the then-existing best interests of Child, we perceive no error.[4]

CONCLUSION

¶25 We conclude that the district court misapplied rule 108 of the Utah Rules of Civil Procedure. The objecting party does not bear the burden to show that the commissioner's recommendation was erroneous. Rather, the district court must make independent findings of fact and conclusions of law. We therefore vacate the district court's order and remand to the district court for proceedings consistent with this ruling. We further conclude that the district court's order does not establish an automatic future modification and that Barnes's contention on cross-appeal is without merit.

———————

4. To the extent that the parties are concerned that the other party could manipulate custody based on this provision, any such attempt would always be subject to a further petition to modify custody.