2021 UT App 51

## THE UTAH COURT OF APPEALS

SARA WARD,
Appellant,
*v.*
MEREDITH MCGARRY,
Appellee.

Opinion
No. 20200435-CA
Filed May 6, 2021

Third District Court, Salt Lake Department
The Honorable Richard D. McKelvie
No. 134901200

Angilee K. Dakic, Attorney for Appellant

Martin N. Olsen and Beau J. Olsen, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     Sara Ward challenges the district court's final order regarding child support in a paternity action. We reverse and remand for further proceedings.

¶2     Ward and Meredith McGarry have one child together. The two have been involved in a paternity action regarding that child since 2013. Although they have resolved custody issues relating to the child, they were unable to reach a resolution regarding child support.

¶3     The parties' dispute centers on disagreements regarding the amount of McGarry's monthly income. McGarry is self-

employed and has an ownership interest in at least one company. Ward reports having ongoing difficulties obtaining documentation relating to McGarry's income, asserting that his disclosures were incomplete and heavily redacted. The parties engaged in settlement negotiations and exchanged rule 68 settlement offers, *see* Utah R. Civ. P. 68, and in his rule 68 settlement offer, McGarry offered to have income of $30,000 per month imputed to him. But the parties were unable to come to an agreement.

¶4 The parties appeared before a domestic relations commissioner for a hearing on March 11, 2020, to address various non-dispositive motions then pending before the court, including motions for sanctions and a motion to strike. The parties did not anticipate that the substantive issues in the case would be resolved at that time. However, at the hearing, which lasted only a few minutes, the commissioner did not directly address the pending motions; instead, she announced that she was "going to make a recommendation . . . to wrap this up and resolve" the case and proceeded to impute McGarry's income "at $30,000 a month going forward for child support purposes" based on McGarry's "agreement." Further, the commissioner recommended that McGarry pay $56,000 in child support arrearages and attorney fees, a number calculated by averaging Ward's request for $60,000 and McGarry's rule 68 offer of $52,000. The commissioner did not take evidence at the hearing, made no further findings in support of these calculations, and did not distinguish which portion of the lump sum award was attributable to attorney fees as opposed to arrearages. The commissioner's recommendation took the form of an order captioned "Final Order Re Child Support."

¶5 Ward objected to the commissioner's recommendation, asserting that the commissioner "failed to make requisite findings that would support the order" and erred by relying on McGarry's rule 68 settlement offer to reach the imputation

number rather than calculating that amount based on the evidence. Ward further asserted that the commissioner "made no findings as to how she calculated the child support arrears or attorney fees awarded to" Ward and erred in lumping the arrears and fees together rather than calculating them separately. Ward also claimed that the commissioner's order, in the absence of an evidentiary hearing, deprived her of her "right to a trial." The district court countersigned the commissioner's recommendation, making it the final order of the court, and denied Ward's objection without holding any further hearing or making any additional findings on the record. Ward now appeals.

¶6    Ward asserts that the district court erred in approving the commissioner's recommendation and summarily denying her objection without adequate findings and without a trial or other evidentiary hearing.[1] "The ultimate question of whether the trial court strictly complied with . . . procedural requirements . . . is a question of law that is reviewed for correctness." *State v. Holland*, 921 P.2d 430, 433 (Utah 1996); *accord Brigham Young Univ. v. Tremco Consultants, Inc.*, 2007 UT 17, ¶ 25, 156 P.3d 782. Further, "we review the legal adequacy of findings of fact for correctness as a question of law." *Jacobsen v. Jacobsen*, 2011 UT App 161, ¶ 15, 257 P.3d 478 (quotation simplified).

¶7    "In all actions tried upon the facts without a jury . . . , the court must find the facts specially and state separately its

---

1. Ward also raises arguments regarding the inadequacy of McGarry's disclosures. However, she does not identify any particular errors the court made with respect to discovery issues, and we are therefore unable to review her arguments on this point. In any event, as we are reversing the district court's child support order, Ward will have the opportunity to raise any ongoing issues with respect to discovery on remand.

conclusions of law. The findings and conclusions must be made part of the record and may be stated in writing or orally following the close of evidence." Utah R. Civ. P. 52(a)(1). Moreover, when a party objects to a commissioner's recommendation, the judge must "make independent findings of fact and conclusions of law based on the evidence." *Id.* R. 108(f); *see also Day v. Barnes*, 2018 UT App 143, ¶ 16, 427 P.3d 1272 ("[R]ule [108] is explicit that the district court's review is independent on both the evidence and the law."). A court's findings must "contain sufficient detail to permit appellate review to ensure that the district court's discretionary determination was rationally based." *Fish v. Fish*, 2016 UT App 125, ¶ 22, 379 P.3d 882.

¶8    In this case, the district court did not make any independent findings of fact or conclusions of law, as required by rule 108 of the Utah Rules of Civil Procedure.[2] McGarry urges us to construe the court's signing of the commissioner's recommendation and summary denial of Ward's objection as an implicit adoption of the same findings and conclusions entered by the commissioner. However, nothing in the record supports such an assumption.[3]

---

2. We are also concerned about the court's refusal to grant Ward a hearing when requested. *See generally* Utah R. Civ. P. 108(d)(3) ("If the hearing before the commissioner was in a domestic relations matter other than a cohabitant abuse protective order, any party has the right, upon request . . . to a hearing at which the judge may require testimony or proffers of testimony on genuine issues of material fact relevant to issues other than custody.").

3. *If* the commissioner had taken evidence and *if* the district court, after reviewing that evidence, had expressly adopted the

(continued…)

¶9      In any event, the commissioner's findings are inadequate to support her legal conclusions. The commissioner made a single finding in support of her recommendation: "The parties have had extensive, ongoing litigation for the past seven (7) years and a conclusion of this matter is critical for the parties and the minor child." This finding does not address any of the evidence pertaining to McGarry's income, the arrearages owed, or the attorney fees incurred by Ward. Rather than receiving and examining any evidence and reaching legal conclusions based on that evidence, the commissioner imputed income based solely on McGarry's rule 68 settlement offer, which was never accepted.[4]

---

(…continued)

commissioner's findings as its own, then it might be possible to construe those findings as independent findings mirroring those of the commissioner. But that is not what occurred in this case.

4. The commissioner relied on McGarry's rule 68 settlement offer to calculate the $30,000 imputation amount, but Ward never agreed to this amount. "Income may not be imputed to a parent unless the parent stipulates to the amount imputed, the parent defaults, or, in contested cases, a hearing is held and the judge . . . enters findings of fact as to the evidentiary basis for the imputation." Utah Code Ann. § 78B-12-203(8)(a) (LexisNexis 2018). McGarry asserts that we should construe this provision as permitting a court to impute income to a parent based on that parent's unilateral stipulation to the amount imputed. However, McGarry's interpretation is inconsistent with the language of the statute and would also lead to an absurd result.

First, nothing in the statute requires the court to impute income based on the imputed parent's stipulation. It simply states that the court cannot impute income "unless the parent stipulates" or other conditions are met. *Id.* And in fact, the statute explicitly states that "in contested cases," the imputation requires a hearing and factual findings entered by the judge in

(continued…)

*See generally* Utah Code Ann. § 78B-12-203(8)(b) (LexisNexis 2018) (outlining the factors a court must consider in calculating the appropriate amount of income to impute to a parent). The commissioner's recommendation regarding child support arrearages and attorney fees was likewise unsupported by any evidence. Rather than examining the actual numbers and making findings regarding the amount owed, the commissioner simply split the difference between the two parties' claimed numbers in their rule 68 settlement offers. Such findings would not adequately support the court's decision even if we could somehow construe them as independent.

---

(…continued)

support of the imputation. *Id.* Here, Ward maintained that McGarry's income was greater than $30,000 per month. The appropriate amount of McGarry's income was therefore contested, requiring the court to calculate the appropriate amount after a hearing if the parties could not reach an agreement.

Moreover, even if the statute was ambiguous and McGarry's interpretation was consistent with the plain language of the statute, his reading would lead to an absurd result, as it would essentially require the court to impute income at whatever level the party being imputed requests. *See, e.g., Encon Utah, LLC v. Fluor Ames Kraemer, LLC*, 2009 UT 7, ¶ 73, 210 P.3d 263 ("When statutory language plausibly presents the court with two alternative readings, we prefer the reading that avoids absurd results." (quotation simplified)). Interpreting the statute in this way could have a significant negative impact on the right children have to be supported by their parents—a right that we have consistently held "is not subject to being bartered away, extinguished, estopped or in any way defeated by the agreement or conduct of the parents." *Hills v. Hills*, 638 P.2d 516, 517 (Utah 1981); *accord Andrus v. Andrus*, 2007 UT App 291, ¶ 14, 169 P.3d 754.

¶10 The overarching problem in this case—and the ultimate source of the inadequacy and insufficiency of the court's findings—is that no judicial officer ever took evidence or held a hearing on the contested child support issues. Unless the matter in question can be resolved summarily (for instance, by summary judgment pursuant to rule 56 of the Utah Rules of Civil Procedure), parties have a right to their "day in court," in which they have the opportunity to testify and present evidence regarding the relevant issues. *See* Utah Const. art. I, § 11 ("All courts shall be open, and every person, for an injury done to the person in his or her person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, with or without counsel, any civil cause to which the person is a party."); *Miller v. USAA Cas. Ins. Co.*, 2002 UT 6, ¶ 38, 44 P.3d 663 ("Parties to a suit, subject to all valid claims and defenses, are constitutionally entitled to litigate any justiciable controversy between them, i.e., they are entitled to their day in court.").

¶11 At some level, we understand the commissioner's frustration with parties who had litigated for several years over positions that were perhaps not all that far apart. But concerns regarding judicial efficiency alone cannot justify depriving parties of their day in court. The contested child support issues in this case needed to be resolved, if not through negotiation or summary resolution, then through a trial at which evidence was presented. The commissioner's and the district court's actions to short-circuit that process here were improper.

¶12 Because the district court did not take evidence and make "independent findings of fact and conclusions of law based on the evidence," *see* Utah R. Civ. P. 108(f), in resolving Ward's objection, we must reverse the order and remand for further proceedings.

––––––––––