**2017 UT App 55**

# THE UTAH COURT OF APPEALS

MICHAEL STRAND,
Appellee,
*v.*
NUPETCO ASSOCIATES LLC,
Appellant.

Opinion
No. 20151016-CA
Filed March 30, 2017

Second District Court, Farmington Department
The Honorable David R. Hamilton
No. 150700084

Wayne G. Petty and James C. Swindler, Attorneys
for Appellant

Michael Strand, Appellee Pro Se

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and JILL M. POHLMAN concurred.

VOROS, Judge:

¶1    This appeal represents the first opportunity for an appellate court to consider Utah's vexatious litigant rule, rule 83 of the Utah Rules of Civil Procedure. Appellant Nupetco Associates LLC contends that the district court read the rule too narrowly. We agree and accordingly reverse.[1]

¶2    For many years Nupetco and Michael Strand, individually and through his partnership, have been embroiled in multiple legal fights over the ownership of a Utah residence.

---

1. Appellee Michael Strand did not file a brief in response to Nupetco's appeal.

Exasperated with Strand's dogged litigation tactics, Nupetco moved under rule 83 of the Utah Rules of Civil Procedure for an order declaring Strand a vexatious litigant. The district court denied Nupetco's motion under several provisions of rule 83, but essentially for one reason: none of the vexatious conduct that Nupetco alleged occurred in this case. The district court reasoned that it was in no position to assess the propriety of Strand's litigation tactics in other lawsuits.

¶3    Nupetco contends that the district court read rule 83 too narrowly. According to Nupetco, rule 83 authorizes a court to find a litigant to be vexatious—and thus to enter a vexatious litigant order against that litigant—based entirely on that litigant's conduct in other cases. Without discounting the district court's concerns, we read rule 83 as Nupetco does.

¶4    "A district court's interpretation of a rule of civil procedure presents a question of law that is reviewed for correctness." *Aequitas Enters., LLC v. Interstate Inv. Group, LLC*, 2011 UT 82, ¶ 7, 267 P.3d 923. "We interpret court rules, like statutes and administrative rules, according to their plain language." *Burns v. Boyden*, 2006 UT 14, ¶ 19, 133 P.3d 370. Courts are, in short, bound by the text of the rule. *State v. Lucero*, 2014 UT 15, ¶ 32, 328 P.3d 841, *abrogated on other grounds by State v. Thornton*, 2017 UT 9.

¶5    Rule 83 authorizes a court to impose restrictive orders on vexatious pro se litigants. The purpose of such orders is to curb the litigant's vexatious conduct. To that end, the order may, for example, require the litigant to obtain legal counsel before proceeding in the pending action or to obtain leave of court before filing pleadings, motions, or other papers. *See* Utah R. Civ. P. 83(b), (d). But before imposing such an order, the court must make two findings. First, it must find by clear and convincing evidence that "the party subject to the order is a vexatious litigant." *See id.* R. 83(c)(1)(A). Second, the court must

find, again by clear and convincing evidence, that "there is no reasonable probability that the vexatious litigant will prevail on the claim"—that is, the litigant's claim pending before the court. *See id.* R. 83(c)(1)(B). In other words, the court cannot impose a vexatious litigant order on a pro se litigant whose claim before that court enjoys a reasonable probability of success.

¶6    Subsection 83(a)(1) of the rule defines "vexatious litigant." A court may find a person to be a vexatious litigant if the person, without legal representation, undertakes any of four types of vexatious conduct described in the rule, such as repeatedly filing nonmeritorious claims. *See id.* R. 83(a)(1). The correctness of the district court's order here—and consequently all questions on appeal—depends on the proper reading of rule 83(a)(1). Nupetco contends that the district court misinterpreted subsections 83(a)(1)(B) and 83(a)(1)(C).

## I. Rule 83(a)(1)(B)

¶7    Rule 83(a)(1)(B) permits a court to declare a litigant vexatious if the litigant, acting without legal representation, persists in litigating a claim or issue that has been finally determined:

> After a claim for relief or an issue of fact or law in the claim has been finally determined, the person two or more additional times re-litigates or attempts to re-litigate the claim, the issue of fact or law, or the validity of the determination against the same party in whose favor the claim or issue was determined.

Utah R. Civ. P. 83(a)(1)(B). Nupetco alleged that Strand, in other lawsuits, attempted three or more times to re-litigate claims that had previously been finally determined. Based on this conduct, Nupetco maintains, the district court should have found that Strand had violated rule 83(a)(1)(B).

¶8 The district court read rule 83(a)(1)(B) more restrictively. It concluded that "the plain language of Rule 83 does not permit the Court to find that a person has re-litigated the same issue of law or fact as an issue of law or fact not raised in the case before it." Rather, "the claim, or issue of fact or law in the claim" that a party attempts to re-litigate "must also be at issue in the present action." A contrary reading of the rule, the court reasoned, could lead to "forum-shopping or similarly undesirable behavior."

¶9 On appeal, Nupetco argues that nothing in the text of rule 83(a)(1)(B) requires that any of the repeated attempts to re-litigate a decided issue must occur in the pending case. We agree.

¶10 The text of rule 83(a)(1)(B) requires only that the person two or more times re-litigates or attempts to re-litigate a previously decided matter against the same party. Utah R. Civ. P. 83(a)(1)(B). The text of the rule does not limit the court's inquiry to the pending action. This phrasing contrasts with other subsections of rule 83 that expressly refer to "the pending action." *Compare id.*, *with id.* R. 83(d)(3), and *id.* R. 83(e)(1). We accordingly read the rule to permit a court to find a pro se litigant vexatious based on that litigant's history in other lawsuits, even if the litigant has done nothing amiss in the case pending before the court.

¶11 We understand the district court's concern that it may not be well positioned to evaluate a litigant's conduct in other cases. But as noted above, rule 83(c) permits a court to make vexatious litigant findings only by clear and convincing evidence. *See id.* R. 83(c)(1). Those findings may well be easier to make where the court has observed the litigant's vexatious conduct firsthand. But the rule quite rationally draws the line not between vexatious conduct committed in the pending action and vexatious conduct committed elsewhere, but between vexatious conduct established by clear and convincing evidence and vexatious conduct that is not proven to that standard.

## II. Rule 83(a)(1)(C)

¶12     Nupetco also contends that the district court misread the phrase *in any action* as used in rule 83(a)(1)(C). Rule 83(a)(1)(C) permits a court to declare a pro se litigant vexatious if the litigant, acting without legal representation, files improper pleadings or papers three or more times "[i]n any action":

> In any action, the person three or more times does any one or any combination of the following:
>
>  (i) files unmeritorious pleadings or other papers,
>
>  (ii) files pleadings or other papers that contain redundant, immaterial, impertinent or scandalous matter,
>
>  (iii) conducts unnecessary discovery or discovery that is not proportional to what is at stake in the litigation, or
>
>  (iv) engages in tactics that are frivolous or solely for the purpose of harassment or delay.

Utah R. Civ. P. 83(a)(1)(C). In the district court, Nupetco argued that Strand qualified as vexatious under this subsection because he filed unmeritorious pleadings or other papers three or more times in lawsuits other than the present one. Based on this conduct, Nupetco maintains, the district court should have found that Strand had violated rule 83(a)(1)(C).

¶13     The district court concluded that "the language 'in any action' allows the Court to review only [Strand's] filings in the action in which the Rule 83 motion was brought." The court declined to review Strand's conduct in the other lawsuits and determined that on the basis of his actions in the present case, he did not qualify as a vexatious litigant under rule 83.

¶14    On appeal, Nupetco challenges the district court's reading of rule 83(a)(1)(C). Nupetco contends that the phrase *in any action* indicates that the three or more offending filings need not be filed in the action in which the vexatious litigant motion is filed. Again, we agree.

¶15    Nupetco's argument with respect to the phrase *in any action* is straightforward: *any* means *any*. If a pro se litigant may be found vexatious based on filings made in *any* action, the filings need not have been made in the same action in which the vexatious litigant motion is filed. We agree with this reading of the rule. The text of rule 83(a)(1)(C) requires only that, "[i]n any action, the person three or more times does any one or any combination of" certain specified acts. Utah R. Civ. P. 83(a)(1)(C). Again, the text of the rule does not limit the court's inquiry to the pending action. And again, this phrasing contrasts with other subsections of rule 83 that expressly refer to "the pending action." *Compare id., with id.* R. 83(d)(3), and *id.* R. 83(e)(1). We accordingly read the rule to permit a court to find a pro se litigant vexatious based on that litigant's history in other lawsuits, even if the litigant has done nothing amiss in the case pending before the court.

¶16    Again, we recognize the district court's concerns. The court reasoned that, "[a]s a practical matter, it would be difficult and unwise for the court to review and determine whether a party's tactics were intended to harass, or his discovery requests were disproportionate in a case not before it." That is so, the court continued, because "[t]he judge presiding over a particular action is in the best position to determine the necessity of a party's discovery and his tactics, as well as the merit and appropriateness of the content of his pleadings." We agree with the district court that the required findings may well be easier to make where the court has observed the litigant's vexatious conduct firsthand. But again, the rule focuses not on where the

vexatious conduct occurred, but whether it can be established by clear and convincing evidence.[2]

¶17    We will ordinarily construe a procedural rule "to mean exactly what it says," *see First Equity Federal, Inc. v. Phillips Dev., LC*, 2002 UT 56, ¶ 16, 52 P.3d 1137, applying the text of the rule, not necessarily its policy, *see Rothstein v. Snowbird Corp.*, 2007 UT 96, ¶ 10, 175 P.3d 560 (discussing the interpretation of statutes). And we have difficulty reading the phrase *in any action* to mean *in this action*. The sweep of the rule is broad.

¶18    But it is not without limit. As we read the rule, the three or more required acts must all occur in the same lawsuit. The text of rule 83(a)(1)(C) requires that, "[i]n any action, the person three or more times does any one or any combination of" certain specified acts. Utah R. Civ. P. 83(a)(1)(C). Although the acts are plural—"three or more times"—the action is singular. *See id.* Thus, just as we concluded that *any* means *any*, we likewise conclude that *action* means *action*—not *actions*.

¶19    To be found vexatious, then, the court must find by clear and convincing evidence that the pro se litigant committed three or more proscribed acts in any one action, though not necessarily the action in which the vexatious litigant motion is filed.

### III. Remand

¶20    On appeal, Nupetco asks us to interpret rule 83(a)(1), which we have done. Nupetco also asks us to examine Strand's litigation history and declare that he is a vexatious litigant or,

---

2. Moreover, rules 83(e) and 83(f) make clear that, once entered, the reach of a vexatious litigant order is statewide, lending support to the notion that the judge considering the order should be able to consider statewide conduct in determining whether to enter it. *See* Utah R. Civ. P. 83(e), (f).

alternatively, to remand the matter to the district court to decide whether he is a vexatious litigant under a proper reading of rule 83. We take the latter course. We leave it to the district court to make—or not—the required findings under rule 83 as clarified on appeal. We accordingly vacate the district court's denial of the vexatious litigant motion and remand the matter to that court to determine the rule 83 question and to conduct further proceedings in the case as appropriate.

————