2018 UT App 6

# THE UTAH COURT OF APPEALS

JOHN KUHNI & SONS INC.,
Petitioner,
*v.*
LABOR COMMISSION, OCCUPATIONAL SAFETY
AND HEALTH DIVISION,
Respondent.

Opinion
No. 20160953-CA
Filed January 5, 2018

Original Proceeding in this Court

Jeremy C. Reutzel, Ryan M. Merriman, and Jarom R.
Jones, Attorneys for Petitioner

Sean D. Reyes, David M. Wilkins, and Brent A.
Burnett, Attorneys for Respondent

JUDGE RYAN M. HARRIS authored this Opinion, in which JUDGES
DAVID N. MORTENSEN and JILL M. POHLMAN concurred.

HARRIS, Judge:

¶1      This case requires us to examine the term "certified mail," as used in Utah Code section 34A-6-303(1). Specifically, we are asked to determine whether that term is broad enough to include any delivery—whether by public or private courier service—that provides proof of mailing and receipt, or whether that term is intended to include only items sent as certified mail through the United States Postal Service. For the reasons that follow, we conclude that the narrower interpretation is the correct one.

¶2      In this case, the implications of that conclusion are as follows: the Occupational Safety and Health Division of the Utah Labor Commission (the State) did not give John Kuhni & Sons,

Inc. (Kuhni) proper statutory notice of the State's citation and proposed assessment for Kuhni's alleged violation of various safety regulations, and therefore Kuhni's efforts to contest the State's citation are not untimely. Accordingly, we set aside the Labor Commission's order declaring untimely Kuhni's efforts to contest the citation.

BACKGROUND

¶3      On February 22, 2016, the State issued a Citation and Notification of Penalty (the Citation) against Kuhni, setting forth its belief that Kuhni had violated various safety regulations. On February 23, 2016, the State sent a copy of the Citation to Kuhni by FedEx, with return receipt requested. There is no dispute that FedEx successfully delivered the Citation to Kuhni; indeed, one of Kuhni's employees signed a receipt acknowledging delivery of the Citation on February 25, 2016, at 11:54 a.m.

¶4      Under a bolded heading in all capital letters entitled "The Right to Contest This Citation," the Citation contained language informing Kuhni that the Citation could be contested "within 30 calendar days of receipt of this Citation." The Citation also contained an underlined reiteration informing Kuhni that the Citation would become a final order of the Utah Labor Commission if not contested within thirty calendar days of its receipt.

¶5      The State purported to deliver the Citation pursuant to section 303 of the Utah Occupational Safety and Health Act, which states as follows:

> (1)(a) If the [State] issues a citation . . . it shall within a reasonable time after inspection or investigation, notify the employer by certified mail . . . that the employer has 30 days to notify the

> Division of Adjudication that the employer intends
> to contest the citation . . . .
>
> (b) If, within 30 days from the receipt of the notice
> . . . , the employer fails to notify the Division of
> Adjudication that the employer intends to contest
> the citation . . . , the citation . . . is final and not
> subject to review by any court or agency.

Utah Code Ann. § 34A-6-303(1)(a)–(b) (LexisNexis 2015).

¶6      Despite accepting delivery of the Citation on February 25, 2016, Kuhni did not notify the Division of Adjudication (the Division) until June 6, 2016 that it intended to contest the Citation. In response, the State asked the Division to dismiss Kuhni's objection, arguing that the objection was untimely because Kuhni had failed to file it within thirty days of receiving notice of the Citation. Kuhni opposed the State's motion, arguing that the thirty-day clock never started ticking because the State sent the Citation via FedEx rather than by "certified mail" through the United States Postal Service. Kuhni asserted that the governing statute, Utah Code section 34A-6-303(1), required that the notice be sent through the United States Postal Service.

¶7      The Division disagreed, concluding that service through FedEx was sufficient to comply with the statute, and therefore dismissed Kuhni's objection as untimely. Kuhni subsequently appealed the Division's determination to the Appeals Board of the Utah Labor Commission (the Appeals Board), advancing the same arguments. The Appeals Board affirmed the Division's conclusions. Kuhni now seeks review in this court.

ISSUE AND STANDARD OF REVIEW

¶8      Kuhni contends that the State did not provide it with notice sufficient to trigger the thirty-day statute of limitations set

forth in the Utah Occupational Safety and Health Act, *see* Utah Code section 34A-6-303(1), because the State sent the Citation through FedEx and not through the "certified mail" service offered by the United States Postal Service.[1] We review an administrative agency's interpretation of a statute for correctness. *Hughes Gen. Contractors, Inc. v. Utah Labor Comm'n*, 2014 UT 3, ¶ 25 n.5, 322 P.3d 712.

## ANALYSIS

¶9     Kuhni argues that the State did not provide Kuhni with notice of the Citation in the manner required by the governing statute. While Kuhni's argument is perhaps fairly classified as a technical one, it is not wrong. We are persuaded that Kuhni is correctly interpreting the relevant statute.

¶10    That statute requires, through the use of mandatory language, that the State "*shall . . .* notify the employer by certified

---

1. In its brief, Kuhni also advanced two other arguments, namely (1) that, even if service through FedEx was acceptable, the State violated Kuhni's due process rights by providing a notice that did not sufficiently apprise Kuhni of its right to contest the citation, and (2) that the State violated Kuhni's due process rights when the State attempted to e-mail a copy of the Citation to Kuhni but did not confirm that Kuhni received the e-mail. Due to our resolution of Kuhni's main argument—specifically, our conclusion that Kuhni's objection to the Citation was not untimely—we need not consider either of these alternative arguments. Moreover, the second of these alternative arguments is rendered moot for a separate reason: Kuhni received *actual* notice when FedEx delivered the physical Citation to Kuhni and a representative of Kuhni signed for it. Accordingly, we need not consider whether the State's e-mail, standing alone, would have provided Kuhni with adequate notice of the Citation.

mail" of any assessment against it. *See* Utah Code Ann. § 34A-6-303(1)(a) (emphasis added). In case there were any doubt about the meaning of the word "shall," our legislature has defined it for us: "'[s]hall' means that an action is required or mandatory." *See id.* § 68-3-12(1)(j) (LexisNexis 2016); *see also Barnard v. Mansell*, 2009 UT App 298, ¶ 7, 221 P.3d 874 (noting that "shall" is a "mandatory word" requiring strict compliance with its directive); *Diener v. Diener*, 2004 UT App 314, ¶ 12, 98 P.3d 1178 (stating that, "[o]rdinarily, the use of the word 'shall' in a statute creates a mandatory condition, eliminating any discretion"). Kuhni argues that the State does not comply with this mandate when it sends a notice by FedEx, a delivery service that Kuhni maintains is not equivalent to "certified mail." Kuhni asserts that "certified mail," as used in the relevant statute, refers to a specific service offered by the United States Postal Service. Kuhni argues that, because the State did not send Kuhni notice via certified mail, the thirty-day statute of limitations for filing an objection never began to run, and therefore its objection was not untimely.

¶11 The State disagrees, and asserts that it met the requirements of the statutory mandate when it sent the Citation to Kuhni via FedEx, because FedEx is a delivery service that provides proof of mailing and receipt. The State asserts that the statutory command is fulfilled if the mailing was sent through any delivery service—public or private—that offers the same basic features as certified mail, such as proof of mailing and receipt. The State maintains that the thirty-day statute of limitations began to run on February 25, 2016, when Kuhni received the Citation through FedEx, and that its objection, filed in June 2016, was too late.

¶12 In order to determine which party has the better of this argument, we must explore the definition of the statutory term "certified mail." *See* Utah Code Ann. § 34A-6-303(1)(a). If the relevant statute contained a specific definition of "certified

mail," we would be obligated to apply that definition. *See O'Hearon v. Hansen*, 2017 UT App 214, ¶ 24. Here, however, the relevant statute does not contain a definition,[2] and we are

---

2. As we note later, *see infra* ¶ 17 & notes 3-4, our legislature has used the phrase "certified mail" many times, and in a wide variety of statutes. Yet only once, to our knowledge—in the Self-Service Storage Facilities statute, *see* Utah Code Ann. § 38-8-1(1) (LexisNexis Supp. 2017)—has our legislature attempted to define the term. In all other statutes, including the statute at issue here, our legislature has not attempted to define "certified mail." The Self-Service Storage Facilities statute defines "certified mail" as postal-service certified mail *or* as "a method of mailing that is accompanied by a certificate of mailing executed by the individual who caused the notice to be mailed." *See id.* § 38-8-1(1)(b). This definition includes no requirement for any proof of receipt. In this case, the State does not argue that the definition of "certified mail" from the Self-Service Storage Facilities statute should be applied here generally, and certainly makes no specific argument that its delivery by FedEx complied with that definition as a factual matter (e.g., that the FedEx delivery contained a "certificate of mailing executed by the individual who caused the notice to be mailed"). Thus, no party gives us any reason to suppose that the legislature intended the statute at issue here "to be read by reference to" the definition of "certified mail" found in the Self-Service Storage Facilities statute. *See I.M.L. v. State*, 2002 UT 110, ¶ 25, 61 P.3d 1038 (determining that, where a statute using an undefined term "does not explicitly cross-reference" another statute's definition of that same term, "there is no reason for the reader to conclude [that] the two statutes are linked," and declining to import a different statute's definition of the term into its analysis). Accordingly, because we are not asked to do so, we do not specifically address whether the definition of "certified mail" from the Self-Service Storage Facilities statute should apply here.

unaware of any other specialized meaning of the term that ought to apply. In such cases, "we must interpret the statutory language according to the plain meaning of its text." *Id.* (citations, internal quotation marks, and brackets omitted).

¶13    Our supreme court has recognized that the dictionary definition of a term is a "starting point" in determining the plain meaning of that term. *See State v. Bagnes*, 2014 UT 4, ¶ 14, 322 P.3d 719. "Certified mail" is defined in Black's Law Dictionary as "[m]ail for which the sender requests proof of delivery in the form of a receipt signed by the addressee." *Mail*, Black's Law Dictionary (10th ed. 2014). The term "mail" is itself defined in that same dictionary as "[o]ne or more items that have been properly addressed, stamped with postage, and deposited for delivery in *the postal system*." *Id.* (emphasis added). Whatever else FedEx might be, we agree with Kuhni that it is not a part of "the postal system," and that Black's Law Dictionary provides a definition of "certified mail" that appears to exclude private delivery services.

¶14    Other dictionaries provide similar definitions, defining "certified mail" as a subset of the mail delivered by a government's official postal system. *See Certified Mail*, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/certified-mail [https://perma.cc/L4JW-N874]; *Mail*, Cambridge Dictionary https://dictionary.cambridge.org/us/dictionary/english/mail [https://perma.cc/ W6ZT-K923] (defining "certified mail" as "mail for which proof of delivery is obtained" and "mail" as "the letters and packages that are transported and delivered to your home or the place you work, *esp[ecially] those delivered by the government's system*") (emphasis added); *see also Certified Mail*, Collins English Dictionary, https://www.collinsdictionary.com/dictionary/english/certified-mail [https://perma.cc/Y8HJ-7LXC]; *Mail*, Collins English Dictionary,https://www.collinsdictionary.com/dictionary/english/mail [https://perma.cc/ 78RD-ZWKD] (defining "certified mail"

as "*a postal service* for recording the mailing and delivery of a piece of first-class mail" and "mail" as "*the public service or system by which letters and parcels are collected and delivered*") (emphasis added). Thus, applicable dictionary definitions of "certified mail," whether specialized legal dictionaries or more general English dictionaries, do not appear to be broad enough to include within them private delivery services like FedEx.

¶15 When the applicable statute contains no definition of a relevant term, we may look to case law to see if courts have provided a definition. *See State v. White*, 2011 UT 21, ¶¶ 24–29, 251 P.3d 820 (noting that although a particular statutory term was undefined in the statute, the term "ha[d] a long history in our case law" and analyzing that case law to arrive at the term's definition); *see also Scott v. Scott*, 2017 UT 66, ¶ 24 (looking to case law to see how other courts have defined the word "is" as used in a statute). As far as we are aware, no Utah appellate court has directly confronted the question of whether "certified mail" includes delivery by FedEx or other private delivery service. However, courts in at least three other states have directly addressed the issue, and in such situations it is entirely appropriate to look to other jurisdictions for guidance. *See State v. Barlow*, 851 P.2d 1191, 1193 (Utah Ct. App. 1993) (noting that "[w]hile Utah courts have not defined the term 'just cause' as used in this statute, other courts interpreting similar statutes have" done so, and proceeding to examine case law from other states). Each of our sister states that has examined the precise question at issue here has determined that "certified mail" is a specialized term that does not include private delivery services such as FedEx. *See Leatherbury v. Greenspun*, 939 A.2d 1284, 1288 (Del. 2007) (holding that "the term 'certified mail' has a common usage with only one meaning that does not include delivery by Federal Express"); *W.A. Foote Mem'l Hosp. v. City of Jackson*, 686 N.W.2d 9, 14 (Mich. Ct. App. 2004) (holding that "the plain and ordinary meaning of the term 'certified mail' . . . encompasses only 'mail' sent by the United States Postal Service—not delivery

by private carrier services") (citation omitted); *see also Nissan Div. of Nissan Motor Corp. v. Fred Anderson Nissan*, 445 S.E.2d 600, 602 (N.C. 1994) (holding that the phrase "'registered or certified mail, return receipt requested' . . . refer[s] exclusively to the delivery service offered by the U.S. Mail and not to notice delivered by any private delivery service").

¶16 The analysis of the Supreme Court of Delaware is particularly instructive. In *Leatherbury*, that court was asked to examine the meaning of the term "certified mail" as that term was used in a Delaware state statute that allowed medical malpractice claimants to temporarily toll the applicable statute of limitations if they sent to the defendant, "by certified mail, return receipt requested," a notice of their intent to investigate potential medical malpractice issues. *See Leatherbury*, 939 A.2d at 1286–87. In that case, a plaintiff sent a defendant a notice that was otherwise compliant with the requirements of the statute, but that was sent through FedEx as opposed to through the United States Postal Service. *Id.* The defendant moved to dismiss the complaint, arguing that the original statute of limitations, which had since passed, had never been tolled because the plaintiff's delivery through FedEx did not amount to delivery "by certified mail." *Id.* On appeal, the court held that "the term 'certified mail' has a common usage with only one meaning that does not include delivery by Federal Express." *Id.* at 1288. In arriving at its holding, the court noted that the dictionary definition of the term "certified mail" appeared to include only mail sent through "a governmental postal system," *id.* at 1288–89 (citation and internal quotation marks omitted), and that in its view "[c]ourts have no authority to vary the terms of a statute of clear meaning or ignore mandatory provisions," *id.* at 1292 (citation and internal quotation marks omitted).

¶17 We also find persuasive Kuhni's argument that the legislature chose the words "certified mail" with purpose, and that had it intended to allow for service of notice via private

delivery service, it could of course have done so explicitly. In a number of other statutes, cited here in the margin,[3] our legislature has carefully chosen language that does allow for notice to be sent by private delivery service. By contrast, in the statute at issue here, as well as in others cited in the margin,[4] our

---

3. *See, e.g,* Utah Code Ann. § 57-19-12(1)(a)(i)(B) (LexisNexis Supp. 2017) (stating that a purchaser may cancel an agreement by delivering written notice through "certified mail, return receipt requested, *or a delivery service that provides proof of delivery*" (emphasis added)); *id.* § 57-1-31.5(1)(a) (LexisNexis 2010) (stating that the "approved delivery method" under this statute includes delivery by either "certified or registered United States mail" or by "*a nationally recognized letter or package delivery or courier service*" that contains certain characteristics (emphasis added)); *id.* § 31A-22-1808(5)(b) (LexisNexis 2017) (requiring proof of mailing to be maintained by an insurer "in a form authorized or accepted by the United States Postal Service *or other commercial mail delivery service*" (emphasis added)); *id.* § 59-1-1404(2)(a) (LexisNexis 2015) (providing that, if a commission or person is required to mail a document under this statute, "the commission or the person shall mail the document using: (i) the United States Postal Service; or (ii) *a delivery service* the commission describes or designates [in accordance with commission rules]" (emphasis added)); *id.* § 48-2e-117(1) (LexisNexis 2015) (stating that "permissible means of delivery of a record include delivery by hand, the United States Postal Service, *a commercial delivery service*, and electronic transmission" (emphasis added)); *id.* § 48-1d-109(1) (LexisNexis 2015) (same).

4. *See, e.g.,* Utah Code Ann. § 53-9-117(3)(b) (LexisNexis 2015) (requiring the private investigator regulation bureau to deliver complaints against a licensed private investigator to that investigator "by certified mail"); *id.* § 59-2-912(3)(a) (LexisNexis 2015) (stating that "[i]f the governing body of a taxing entity fails

(continued…)

legislature has specifically required that notice be sent "by certified mail," without providing for any alternative means of service. We must presume that the legislature chooses its words carefully, "requir[ing] every word of a statute to be given effect so that no part of the statute will be inoperative or superfluous." *State v. Ireland*, 2006 UT 17, ¶ 14, 133 P.3d 396; *see also Bagley v. Bagley*, 2016 UT 48, ¶ 10, 387 P.3d 1000 ("We presume that the legislature used each word advisedly.") (citation and internal quotation marks omitted). Moreover, when the legislature elects not to include certain language in a statute, such as language specifying that forms of delivery other than "certified mail" are permissible to provide notice of a citation, we "seek to give effect" to that decision "by presuming all omissions to be purposeful." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 14, 267 P.3d 863.

¶18    In response to these arguments, the State contends that Kuhni's reading of the term "certified mail" flies in the face of the legislature's probable intention in drafting the relevant statute, which the State maintains was to enable the State to fulfill its "statutory charge" to "protect[] Utahns from unsafe work places." However, as our supreme court recently noted, "[w]hen we can ascertain the intent of the legislature from the statutory terms alone, 'no other interpretive tools are needed,' and our task of statutory construction is typically at an end." *Scott v. Scott*, 2017 UT 66, ¶ 22 (quoting *Bagley*, 2016 UT 48, ¶ 10); *see also id.* ¶¶ 26, 28 (stating that "we start from the premise that we should discern what the legislature intended from the plain

---

(…continued)
to comply with Subsection (1) or (2), the auditor of the county in which the taxing entity is located shall notify the taxing entity by certified mail of the deficiency"); *id.* § 38-7-2(2) (LexisNexis 2014) (requiring notice "by certified mail with return receipt requested" for a hospital lien to be effective).

language of the text unencumbered by notions of what we think the legislature must have wanted the language to accomplish"). Indeed, "[t]he best evidence of the legislature's intent is the plain language of the statute itself." *Reynolds v. Bickel*, 2013 UT 32, ¶ 10, 307 P.3d 570 (citation and internal quotation marks omitted). We therefore decline the State's invitation to imagine—through methods other than textual analysis—what the legislature might have intended.

¶19    The State also urges us to adopt the reasoning of *Secretary of Labor v. General Dynamics Corporation*, a federal administrative case in which the federal Occupational Safety and Health Review Commission analyzed a federal statute requiring that the Occupational Safety and Health Administration (OSHA) "notify the employer [of an issued citation] by certified mail." 15 BNA OSHC 2122 at *4 (No. 87-1195 (Feb 3, 1993)) (citing 29 U.S.C. § 659(a) (1993)). In that case, OSHA notified an employer of a citation by hand-delivering the notice of the citation, and the employer moved to dismiss the citation because the notification was not delivered "by certified mail." *Id.* Noting that "important public rights are at stake" in an agency action and that "personal service is generally recognized as a superior form of process" to service by mail anyway, the commission held that "if an employer receives actual notice of a citation, it is immaterial to the exercise of the [c]ommission's jurisdiction that the manner in which the citation was sent was not technically perfect." *Id.* (citations and internal quotation marks omitted). Because the goal of "protecting Utahns from unsafe work places" implicates important public rights, the State argues we should adopt the reasoning employed by the federal agency in *General Dynamics* and determine that, because Kuhni received actual notice of the Citation, any defect in that service was immaterial.

¶20    We find the State's argument to be unpersuasive. As noted, the legislature has plainly directed the State to send notice by certified mail, and we do not view it as our role to relieve the

State of its burden to comply with that statutory mandate merely because the State's policy goals may be deemed admirable. *Cf. Olsen v. Eagle Mountain City*, 2011 UT 10, ¶ 23 n.6, 248 P.3d 465 (declining a litigant's invitation to attribute a particular intent to the legislature that may not have been in keeping with the statutory language, noting "the peril of interpreting statutes in accordance with presumed legislative purpose"). Moreover, in other contexts, Utah appellate courts have determined that, when a statute or rule mandates that one party serve another in a particular manner and the serving party does not comply with the statute, such service is deficient even if the other party received actual notice. *See, e.g.*, *Saysavanh v. Saysavanh*, 2006 UT App 385, ¶ 25, 145 P.3d 1166 (noting in the context of Utah Rule of Civil Procedure 4 that it is "immaterial" whether a party has "actual notice" if notice is not served "in conformance with the mode prescribed" by rule 4).

¶21 Because we are persuaded that the term "certified mail," as used in the relevant statute, encompasses only items sent via certified mail through the United States Postal Service, we hold that the State did not properly serve Kuhni when it sent the Citation to Kuhni via FedEx.

CONCLUSION

¶22 The Appeals Board incorrectly determined that Kuhni was properly served with notice of the Citation. Accordingly, we set aside the Appeals Board's order concluding that Kuhni's objection to the Citation was untimely, and direct the Appeals Board to consider Kuhni's objection on its merits.

———————