**2021 UT App 133**

# THE UTAH COURT OF APPEALS

APARNA VASHISHT-ROTA,
Appellant,
*v.*
HOWELL MANAGEMENT SERVICES AND CHRIS HOWELL,
Appellees.

Per Curiam Opinion
No. 20210395-CA
Filed December 2, 2021

First District Court, Logan Department
The Honorable Angela Fonnesbeck
No. 200100119

Aparna Vashisht-Rota, Appellant Pro Se

Jeffrey Weston Shields, Elizabeth Butler, and
Brennan J. Curtis, Attorneys for Appellees

Before JUDGES GREGORY K. ORME, JILL M. POHLMAN, and
DIANA HAGEN.

PER CURIAM:

¶1      Aparna Vashisht-Rota appeals the district court's April 26, 2021 memorandum decision and order determining that she is a vexatious litigant and imposing filing restrictions (Vexatious Litigant Order).[1] The matter is now before the court on two sua sponte motions for summary disposition—one pertaining to a jurisdictional issue and the other relating to the merits of the

---

1. This is the only order as to which the notice of appeal was timely filed. It is also identified by date in the notice of appeal.

Vexatious Litigant Order. Having considered the parties' responses, we now affirm.[2]

¶2     Vashisht-Rota worked as an independent contractor for Howell Management Services in connection with the recruitment of students. In a lawsuit separate from the one underlying this appeal, Howell Management Services asserted claims against Vashisht-Rota arising out of a contract dispute. *See Howell Mgmt. Services LLC v. August Educ. Group*, First Judicial District Court case number 170100325 (the Howell Litigation).[3]

¶3     Vashisht-Rota initiated the underlying case in Utah by filing a Motion for Emergency Relief and Complaint for Declaratory Judgment and Equitable Remedy for Unpaid Wages and Harassment Claims in California (the Complaint). The Complaint named Howell Management Services and Chris Howell (collectively, HMS) as defendants and requested that the Utah court direct California federal courts and a California-based arbitration forum to allow her claims to proceed. HMS moved to dismiss the Complaint. Ten days later, Vashisht-Rota filed a "Supplement to the Complaint" seeking to add new

---

2. After both parties filed their responses to the sua sponte motion for summary affirmance, Vashisht-Rota filed a reply/motion to strike portions of the opposing parties' response. We deny the motion to strike. To the extent that the reply renews a request to remand that has twice been denied, it is again denied.

3. The Howell Litigation is the subject of a separate interlocutory appeal pending before this court as case number 20200713-CA. To the extent that Vashisht-Rota seeks relief related to that case, that relief is beyond the scope of this appeal. This appeal is limited to review of the Vexatious Litigant Order entered in this case.

claims, but without obtaining leave of the district court. HMS moved to strike or dismiss the Supplement to the Complaint on grounds that the new claims were compulsory counterclaims that should have been filed in the Howell Litigation. Shortly thereafter, Vashisht-Rota moved to impose rule 11 sanctions on opposing counsel.[4] *See* Utah R. Civ. P. 11.

¶4     On August 5, 2020, Vashisht-Rota filed a notice of voluntary dismissal of the Complaint in the underlying case under rule 41(a) of the Utah Rules of Civil Procedure. On September 2, 2020, the district court issued a memorandum decision that granted HMS's previously filed motions to dismiss the Complaint and Supplement to the Complaint, denied Vashisht-Rota's motion for sanctions, and awarded HMS a sanction in the form of attorney fees incurred in responding to Vashisht-Rota's frivolous rule 11 motion.[5]

¶5     Thereafter, HMS filed a motion under rule 83 of the Utah Rules of Civil Procedure to declare Vashisht-Rota to be a vexatious litigant and impose filing restrictions. Vashisht-Rota opposed the motion and simultaneously filed a "motion to withdraw any pending motions." On April 26, 2021, the district court issued the Vexatious Litigant Order, making the findings of fact and conclusions of law required by rule 83 and ordering

---

4. In her response to the sua sponte motions, Vashisht-Rota claims that the district court did not identify which of several motions for sanctions is the focus of the Vexatious Litigant Order. The district court identified the rule 11 motion.

5. This ruling resulted in a September 24, 2020 Judgment awarding attorney fees in the amount of $4,900.00. Vashisht-Rota previously filed a notice of appeal from that judgment, which was assigned case number 20200802-CA. She voluntarily dismissed that appeal.

that Vashisht-Rota "may not file another document with this Court without the assistance of legal counsel."

¶6     Rule 83(a)(1)(C) states that a court may find a person to be a "vexatious litigant" if the person "three or more times does any one or any combination of the following:" (i) "files unmeritorious pleadings or other papers," (ii) "files pleadings or other papers that contain redundant, immaterial, impertinent or scandalous matter," or (iv) "engages in tactics that are frivolous or solely for the purpose of harassment or delay." Once a court finds that a person is a vexatious litigant, the court must also find, by clear and convincing evidence, "that there is no reasonable probability that the vexatious litigant will prevail on the claim" asserted in the case. *Id.* R. 83(c)(1)(B); *see also Strand v. Nupetco Assocs. LLC*, 2017 UT App 55, ¶ 5, 397 P.3d 724. "In other words, the court cannot impose a vexatious litigant order on a pro se litigant whose claim before that court enjoys a reasonable probability of success." *Strand*, 2017 UT App 55, ¶ 5.

¶7     The district court found that three or more times, Vashisht-Rota engaged in tactics that were frivolous and filed unmeritorious pleadings and other papers that contain immaterial matter. The district court found that the Complaint, Supplement to the Complaint, Motion for Proper Service, and Motion to Impose Rule 11(b) Sanctions each were unmeritorious filings. The court further found that Vashisht-Rota filed immaterial and frivolous motions, including (1) motion to reinstate appeal, (2) motion to compel mailing address of Chris Howell, (3) motion to submit opening brief for sexual harassment appeal in the Ninth Circuit, (4) motion to compel communications between the clerk of court and Jones Waldo, and (5) motion to request questions of all court personnel. Finally, the court found that Vashisht-Rota filed numerous papers that contained disrespectful language or contained baseless conspiracy theories. On the basis of the foregoing, the district court found, by clear and convincing evidence, that

Vashisht-Rota is a vexatious litigant within the meaning of rule 83(a)(1)(C).

¶8     Next, the district court found "by clear and convincing evidence, that there is no reasonable probability that [the] [C]omplaint will prevail," stating that the court had already determined that the Complaint and Supplement to the Complaint were "barred as a matter of law." The Vexatious Litigant Order required Vashisht-Rota to be represented by counsel in any further proceedings in that action.[6]

## I. The District Court Had Subject Matter Jurisdiction

¶9     We first consider whether the district court had subject matter jurisdiction to enter the Vexatious Litigant Order. Vashisht-Rota argues that because she filed a notice of dismissal under rule 41(a) of the Utah Rules of Civil Procedure on August 5, 2020, the district court lacked jurisdiction to take any further action.[7] We disagree.

¶10     Generally, a court loses jurisdiction upon the filing of a valid notice of voluntary dismissal. *See In re N.M.*, 2018 UT App

---

6. The court also entered an order related to the disposal of seven binders of material that Vashisht-Rota had sent to the court, but it does not appear that was a separate basis for the determination that she is a vexatious litigant.

7. Vashisht-Rota contends that the district court lacked jurisdiction to dismiss the Complaint and Supplement to the Complaint, to enter a judgment awarding attorney fees as a sanction for filing a frivolous motion for sanctions under rule 11(b), and to enter the Vexatious Litigant Order. Because this appeal is limited to review of the Vexatious Litigant Order, we do not address Vashisht-Rota's jurisdictional challenges to other rulings.

141, ¶ 26, 427 P.3d 1239. But the law is well established that a court retains authority to consider, as a collateral matter, requests for rule 11 sanctions even after a rule 41(a) dismissal. We conclude that those same principles apply to a vexatious litigant order.

¶11 In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), the United States Supreme Court considered whether a federal district court could impose rule 11 sanctions after a plaintiff had voluntarily dismissed the complaint pursuant to rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.[8] *Id.* at 388. The plaintiff claimed that the notice of voluntary dismissal automatically deprived the district court of jurisdiction to consider the sanctions motion. *Id.* at 394. The Supreme Court held that a federal district court "may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." *Id.* at 395. "As the violation of Rule 11 is complete when the paper is filed, a voluntary dismissal does not expunge the [Rule 11] violation." *Id.* (cleaned up). The Supreme Court concluded that "nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal." *Id.* Furthermore, a rule 11 sanctions motion "requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated." *Id.* at 396.

---

8. Rule 41(a) of the Utah Rules of Civil Procedure is adapted from the analogous federal rule. Utah's appellate courts "recognize[] the persuasiveness of federal interpretations when the state and federal rules are similar," and "federal interpretations . . . , while not binding, are helpful in this case." *See Barton v. Utah Transit Auth.*, 872 P.2d 1036, 1039 n.5 (Utah 1994).

¶12 Rule 41(a)(1) allows "a plaintiff to dismiss an action without the permission of the adverse party or the court only during a brief period before the defendant had made a significant commitment of time and money," i.e., by filing an answer or a motion for summary judgment. *Id.* at 397. Nevertheless, "Rule 41(a)(1) was not designed to give a plaintiff any benefit other than the right to take one such dismissal without prejudice." *Id.*

> Rule 41(a)(1) does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers. The filing of complaints, papers, or other motions without taking the necessary care in their preparation is a separate abuse of the judicial system, subject to separate sanction. . . . [A] voluntary dismissal does not eliminate the Rule 11 violation. Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal.

*Id.* at 397–98; *see also Barton v. Utah Transit Auth.*, 872 P.2d 1036, 1040 n.6 (Utah 1994) ("[T]he violation of rule 11 is complete when the party files the pleading, motion, or other paper with the court, and a subsequent voluntary dismissal does not eradicate the rule 11 violation.").

¶13 In *Lundahl v. Halabi*, 600 F. App'x 596 (10th Cir. 2014), the Tenth Circuit Court of Appeals applied *Cooter & Gell* to a vexatious litigant order imposed under federal law. Lundahl filed a state court case that was removed to federal district court. *Id.* at 600. After questions arose about the basis for federal

jurisdiction, the district court set a hearing to determine whether Lundahl had fraudulently joined a fictitious defendant to defeat diversity jurisdiction and prevent removal. *Id.* at 601–02. Ninety minutes before that hearing, Lundahl filed a notice of voluntary dismissal of her complaint under federal rule 41(a). *Id.* at 602. The federal district court imposed both monetary sanctions and filing restrictions based upon Lundahl's abusive and vexatious conduct in that case as well as her extensive and ongoing history of filing abusive and frivolous litigation. *Id.* at 603. On appeal, the Tenth Circuit rejected Lundahl's claim that the federal district court lost jurisdiction to issue the orders after her voluntary dismissal, concluding that the "orders following the Rule 41(a) notice of voluntary dismissal did not relate to the merits of [plaintiff's] complaint; they involved only collateral matters related to whether she . . . had abused the judicial process or acted in contempt of the court's orders." *Id.* at 608. "A court may award attorney fees, contempt sanctions, and Rule 11 sanctions after a Rule 41(a) voluntar[y] dismissal because those issues all involve the determination of a collateral issue: whether the litigant 'has abused the judicial process, and if so, what sanction would be appropriate.'" *Id.* at 608–09 (quoting *Cooter & Gell*, 496 U.S. at 396). Thus, "[e]ven when a court lacks jurisdiction to consider the merits of a case, it has jurisdiction to impose filing restrictions on a party for her conduct in that and other cases." *Id.* at 609 (cleaned up). Accordingly, the Tenth Circuit upheld the imposition of filing restrictions. *Id.* at 610.

¶14 We find the Tenth Circuit's reasoning on this point persuasive. Like rule 11 sanctions, a vexatious litigant order is a collateral matter concerned with the litigant's abuse of the judicial system rather than the merits of the underlying action. The conduct giving rise to the vexatious litigant order is complete and "a subsequent voluntary dismissal does not eradicate" the vexatious conduct or protect the judicial system from future abuses. *See Barton*, 872 P.2d at 1040 n.6. If a plaintiff could voluntarily dismiss without prejudice to avoid the

imposition of future filing restrictions, the procedure in rule 83 would be ineffective in deterring many vexatious litigants who would simply dismiss the pending case once a rule 83 motion is filed and initiate a new action. The need to address the abusive conduct is not eliminated simply because the underlying matter is dismissed. As with rule 11 sanctions, a court retains jurisdiction to consider the collateral matter of a vexatious litigant order even after a voluntary dismissal under rule 41(a).

## II. The Vexatious Litigant Order is Affirmed

¶15 Rule 83 of the Utah Rules of Civil Procedure authorizes a court to impose restrictive orders on vexatious pro se litigants. *See Strand v. Nupetco Assocs. LLC*, 2017 UT App 55, ¶ 5, 397 P.3d 724. "The purpose of such orders is to curb the litigant's vexatious conduct. To that end, the order may, for example, require the litigant to obtain legal counsel before proceeding in the pending action or to obtain leave of court before filing pleadings, motions, or other papers." *Id.* (cleaned up).

> But before imposing such an order, the court must make two findings. First, it must find by clear and convincing evidence that "the party subject to the order is a vexatious litigant." *See* [Utah R. Civ. P.] 83(c)(1)(A). Second, the court must find, again by clear and convincing evidence, that "there is no reasonable probability that the vexatious litigant will prevail on the claim"—that is, the litigant's claim pending before the court. *See id.* R. 83(c)(1)(B). In other words, the court cannot impose a vexatious litigant order on a pro se litigant whose claim before that court enjoys a reasonable probability of success.

*Strand*, 2017 UT App 55, ¶ 5.

¶16    Although neither the Utah Supreme Court nor this court has determined the appropriate standard of review for a Vexatious Litigant Order, we conclude that the three-part standard of review for imposition of a sanction under rule 11 of the Utah Rules of Civil Procedure provides an appropriate and fair framework.

> We employ three different standards of review in considering a trial court's rule 11 determination, depending on the issue being considered. The trial court's findings of fact are reviewed under a clearly erroneous standard; its ultimate conclusion that rule 11 was violated and any subsidiary legal conclusions are reviewed under a correction of error standard; and its determination as to the type and amount of sanctions to be imposed is reviewed under an abuse of discretion standard.

*Griffith v. Griffith*, 1999 UT 78, ¶ 10, 985 P.2d 255 (cleaned up).

¶17    Vashisht-Rota claims that the district court could not consider the motions and pleadings that it found to be unmeritorious because she withdrew those filings before the court issued the April 26, 2021 Vexatious Litigant Order. She next claims that the district court could not consider any statements in those pleadings that were arguably immaterial, disrespectful, or scandalous because they were not actually disrespectful and because she had a constitutional right to make those statements. Third, she claims that she will be prejudiced if she is required to retain counsel in the underlying case.

¶18    HMS argues that all of these issues are raised for the first time on appeal and were not preserved for appeal because she did not raise them in her response filed in the district court to the motion to declare her a vexatious litigant. "An issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on it."

*Patterson v. Patterson*, 2011 UT 68, ¶ 12, 266 P.3d 828 (cleaned up). "Appellate courts consider three factors when determining whether an issue was properly raised before the district court: (1) the issue must be raised in a timely fashion; (2) the issue must be specifically raised; and (3) a party must introduce supporting evidence or relevant legal authority." *Arriaga v. State*, 2020 UT 37, ¶ 15, 469 P.3d 914 (cleaned up). Vashisht-Rota did not specifically raise these arguments by presenting them to the district court for a ruling. As a result, they are not preserved for appeal.

¶19　HMS filed the motion to declare Vashisht-Rota to be a vexatious litigant on February 3, 2021. On February 23, 2021, Vashisht-Rota opposed the motion and simultaneously filed a "motion to withdraw any pending motions." She argues that this removed any pending motions from consideration as a basis to declare her a vexatious litigant.[9] Her opposition to the motion did not raise the argument that any of her purported motions to withdraw her filings somehow erased the prior filings from the docket or prevented the district court from considering them.[10] The issue is not preserved.

---

9. She also identifies other purported withdrawals of certain motions on or about "October 2, 2020" and "September 22, 2020." None of these motions to withdraw were granted by the district court.

10. The pattern of filing and almost simultaneously withdrawing motions, while quite atypical generally speaking, is common with Vashisht-Rota. As one example, Vashisht-Rota filed a motion seeking to ask thirty-four questions of each and every judicial staff, regarding her theories regarding contact with opposing counsel's law firm. These filings essentially accused the court employees of taking bribes or conspiring with

(continued…)

¶20 But even assuming that the issue was preserved, the argument that Vashisht-Rota could withdraw motions and remove them from consideration in connection with the motion to declare her a vexatious litigant lacks merit. First, the district court did not grant the motion to withdraw pending motions. Even more fundamentally, the alleged violations occurred at the time of the inappropriate or unmeritorious filings. *See Cooter & Gell*, 496 U.S. at 398 (stating that filing of papers "without taking the necessary care in their preparation is a separate abuse of the judicial system, subject to separate sanction" and a "voluntary dismissal does not eliminate the Rule 11 violation"); *see also Barton*, 872 P.2d at 1040 n.6 (explaining "the violation of rule 11 is complete when the party files the pleading, motion, or other paper with the court, and a subsequent voluntary dismissal does not eradicate the rule 11 violation"). "Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay" and even if a litigant removes the filing when it is later challenged, the harm has already occurred. *Cooter & Gell*, 496 U.S. at 398.

¶21 We conclude that the other two issues are unpreserved. Vashisht-Rota argues that, to the extent that the Vexatious Litigant Order was based upon her frequent use of immaterial or disrespectful language in filings, the statements were not disrespectful and, even if they were, she had a constitutional right to express her opinion. Because she did not make either argument in her response to the motion to declare her a vexatious litigant, this issue is not preserved. Similarly, in her response to the motion to declare her a vexatious litigant,

---

(…continued)

opposing counsel. Within one minute of the docketing of the motion, a motion to withdraw was docketed, strongly suggesting that the original motion and the motion to withdraw were simultaneously submitted.

Vashisht-Rota did not raise the issue of prejudice by having to retain counsel. Therefore, she failed to preserve it.

### III. Other Relief

¶22    HMS asks this court to adopt the district court's Vexatious Litigant Order as an order of this court. This request is made based upon an amendment to rule 83 of the Utah Rules of Civil Procedure that became effective on May 1, 2021. That rule now provides:

> (j) **Applicability of vexatious litigant order to other courts**. After a court has issued a vexatious litigant order, any other court may rely upon that court's findings and order its own restrictions against the litigant as provided in paragraph (b).

Utah R. Civ. P. 83(j). HMS argues that this amendment allows the Utah Court of Appeals to impose filing restrictions based upon the findings in the Vexatious Litigant Order that is being appealed to this court and, on that basis, to require Vashisht-Rota to retain counsel before making any further filings in this court. Rule 1 of the Utah Rules of Civil Procedure states, in relevant part, that the rules "govern the procedure in the courts of the state of Utah in all actions of a civil nature, whether cognizable at law or in equity, and in all statutory proceedings, except as governed by other rules promulgated by this court or statutes enacted by the Legislature and except as stated in Rule 81."[11] Based upon the language of rule 1, and in the absence of an inconsistent appellate rule on vexatious litigants, we conclude that the Utah Court of Appeals, as a Utah state court handling a civil matter, can rely on rule 83(j) and rely upon the findings of the First District Court to impose restrictions upon Vashisht-

---

11. Rule 81 of the Utah Rules of Civil Procedure contains no exception applicable to this case.

Rota as provided in rule 83(b) of the Utah Rules of Civil Procedure.

¶23　We affirm the April 26, 2021 Vexatious Litigant Order. Furthermore, in reliance upon the findings contained in the Vexatious Litigant Order, this court adopts the filing restrictions imposed therein and will require Vashisht-Rota to be represented by legal counsel in connection with any future proceedings in this action.

————————