**2023 UT App 152**

# THE UTAH COURT OF APPEALS

KATE JOHNSON,
Petitioner,

*v.*

DEPARTMENT OF COMMERCE,
Respondent.

Per Curiam Opinion
No. 20221126-CA
Filed December 14, 2023

Original Proceeding in this Court

April L. Hollingsworth and Katie Panzer, Attorneys
for Petitioner

Sean D. Reyes and Sarah E. Goldberg, Attorneys
for Respondent

Before JUDGES GREGORY K. ORME, RYAN M. HARRIS, and
AMY J. OLIVER.

PER CURIAM:

¶1      Kate Johnson petitions for review of the Department of Commerce's (the Department) order dismissing her request for agency review as untimely.

¶2      Utah Code section 63G-4-301(1)(a) provides that where agency review of an adjudication is permitted, "the aggrieved party may file a written request for review within 30 days after the issuance of the order" with the designated review entity. The request for review must state the date on which it was mailed. Utah Code § 63G-4-301(1)(b)(iii). The Department has established rules to implement the statute. "[A]n aggrieved party may obtain agency review of a final order by filing a request with the executive director within 30 calendar days after the issuance of

the order." Utah Admin. Code R151-4-901(1)(a). "This 30-day deadline is jurisdictional." *Id.* R151-4-901(1)(b).

¶3　Department rules also set out requirements for filing documents. Filing may be accomplished by first class or certified mail. *Id.* R151-4-401(2)(a)(ii). A filing by mail is complete when received and date stamped by the Department. *Id.* R151-4-401(2)(b)(i). Filing may also be accomplished by "attachment to electronic mail." *Id.* R151-4-401(2)(a)(iii). However, a filing by email will be complete only when meeting certain other requirements. *Id.* R151-4-401(2)(b)(ii). An email filing will be complete upon transmission if received during the Department's business hours and if the party filing the document "also mails the document to the [Department] . . . the same day, as evidenced by a postmark." *Id.* R151-4-401(2)(b)(ii)(B), (D)(I). "The burden is on the party filing the document to ensure that a filing is properly completed." *Id.* R151-4-401(2)(c).

¶4　An adjudication order (the Order) imposing sanctions on Johnson was issued on September 2, 2022. The Order was transmitted to Johnson's counsel (Counsel) by email at about 6:00 p.m. the same day. The Order included a notice of the right to seek administrative review. The notice stated,

> Agency review of this order may be obtained by filing a request for agency review with the Executive Director of the Department of Commerce, 160 East 300 South, Box 146701, Salt Lake City, Utah 84114-6701, within thirty (30) days after the date of this order. . . . The laws and rules governing agency review of this proceeding are found in Section 63G-4-101 et seq. of the Utah Code and Rule 151-4 of the Utah Administrative Code.

The thirty-day time to file a request for review ran to October 2. Because October 2 was a Sunday, the time expired on the next business day, Monday October 3.

¶5      On Friday September 30, 2022, Counsel sent a request for agency review of the adjudication order by email to a Department Administrative Law Judge (ALJ). Shortly after the email was received, the ALJ responded to Counsel and identified a deficiency in her filing. "I trust you are aware that under the Department UAPA Rule, an electronic filing is not complete unless it is also mailed the same day (as evidenced by a postmark). Utah Admin. Code R151-4-401. You must meet this mailing requirement." Counsel acknowledged the ALJ's email the following day, stating that she had not been aware of the mailing requirement.

¶6      Although Counsel could have corrected the filing in a timely manner by filing on October 3, she did not file a new request for review until October 5, two days after the time to file had expired. Counsel asserted in that filing that the request was timely filed from the date of service of the Order. The Department moved to dismiss the agency appeal as untimely. The Executive Director granted the motion in an order dated November 30, 2022. Johnson filed a timely petition for judicial review of the agency dismissal.

¶7      Johnson argues that the request for agency review was timely filed and the Department erred in dismissing the request. She contends that the statute requires only that a request for review be "in writing to the proper address." She also asserts, without support, that the term "mail" is commonly construed to include email.[1] Accordingly, she argues, the email transmission of

---

1. In her reply memorandum, Counsel notes that the statute does not define the term "mail" and argues that "the meaning of the term is presumed to change with the times when it is not expressly defined." However, this misstates the rules of statutory interpretation. Where a statutory term is not defined, a court "must interpret the statutory language according to the plain

(continued…)

the request for review was sufficient to meet the jurisdictional requirements for filing under the statute.

¶8 However, Counsel does not address the Department rule that clarifies the filing requirements. The plain language of the rule indicates that mail and email are, indeed, different methods of filing. Utah Admin. Code R151-4-401. Furthermore, the filing rule expressly provides that a document transmitted by email will not be considered filed unless it is also mailed. *Id.* R151-4-401(2)(b)(ii)(D)(I). As explained in the Executive Director's order of dismissal, the allowance for an email transmittal with a contemporaneous mailing is a benefit for a party approaching the filing deadline. Because the filing of a mailed document is not complete until received, a party may transmit the document electronically as a placeholder followed by the mailed document postmarked the same day. However, absent a mailed document, a filing is not complete under the Department rules.

¶9 Furthermore, the thirty-day time for properly filing a request for review is jurisdictional. *Id.* R151-4-901(1)(b). "To preserve the right to challenge an agency decision, an interested party must file a request for review within thirty days. If no such request is filed, the agency action is final and conclusive." *Living Rivers v. DWQ*, 2014 UT 25, ¶ 18, 344 P.3d 568 (citing Utah Code § 63G-4-301(1)(a)). Because Counsel did not timely mail the request for review, the filing was not complete and the Executive

---

meaning of its text." *John Kuhni & Sons, Inc. v. Labor Comm'n*, 2018 UT App 6, ¶ 12, 414 P.3d 952 (quotation simplified). The dictionary definition of a term is a "starting point" in determining a term's meaning. *See id.* ¶ 13. In *Kuhni & Sons*, the court, in interpreting the phrase "certified mail," noted that the dictionary definition of "mail" was "one or more items that have been properly addressed, stamped with postage, and deposited for delivery in the postal system." *Id.* (citing *Mail*, Black's Law Dictionary (10th ed. 2014)) (quotation simplified).

Director correctly determined that it lacked jurisdiction to consider the request for review on its merits.[2]

¶10   Counsel also argues that the Executive Director erred in finding no good cause to extend the time for filing the request for review. "[T]he executive director may extend the deadline [for filing a request for review] only for good cause shown." Utah Admin. Code R151-4-901(1)(c). "[G]ood cause to justify an extension means special circumstances beyond the control of the person requesting agency review that prevents a timely filing of the request." *Id.* R151-4-901(1)(d). Good cause "comes into play in situations in which there is no fault—excusable or otherwise." *Freight Tec Mgmt. Group Inc. v. Chemex Inc.*, 2021 UT App 92, ¶ 26, 499 P.3d 894 (quotation simplified). "Accordingly, it requires the moving party to show the deadline cannot be met despite the [party's] diligent efforts." *Id.* (quotation simplified).

¶11   The Executive Director noted that Counsel acknowledged that she was unaware of the filing requirements for requests for review. The Executive Director also noted that an attorney is held responsible for knowing the applicable laws and rules, "and particularly so where [the Order] gave notice of the applicable procedural rules and the ALJ notified Counsel by response email that the electronic filing did not meet the filing requirements."[3]

---

2. Counsel argues that the second filing on October 5 constitutes an amended pleading that should relate back to the emailed request. However, the timely filing of a request for review is a jurisdictional requirement. Counsel has not shown that it is a pleading that may be amended before responsive pleading is served under R151-4-204 of the Utah Administrative Code where the filing itself is not complete under the rules.

3. Counsel stated that she was out of town and could not get a postmark on September 30, and that she would file early the

(continued…)

The Executive Director concluded that "any misunderstanding of the applicable filing requirements by [Counsel] is not good cause to extend the filing deadline."

¶12    Counsel has not shown that the Executive Director erred in finding that good cause was not established. She has not demonstrated any special circumstance beyond her control. Instead, on review here, she argues that the deadline should have been extended based on excusable neglect. "Excusable neglect is an admittedly neglectful delay that is nevertheless excused by special circumstances." *Id.* ¶ 27 (quotation simplified). However, the Executive Director could extend the time "only for good cause shown." Utah Admin. Code R151-4-901(1)(c).[4] Although good cause and excusable neglect may have some commonality, "the two standards are distinct." *Freight Tec*, 2021 UT App 92, ¶ 34. Regardless, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 9, 13 P.3d 616 (quotation simplified), *cert. denied*, 21 P.3d 218 (Utah 2001).[5]

---

following week. Counsel had time to correct the filing by October 3, but did not file anything further until October 5. She does not explain why she could not have filed the request for review on October 3.

4. Even if excusable neglect applied in this setting, the matter was not preserved because it was not argued to the Executive Director and so is not properly before this court on review. *See Esquivel v. Labor Comm'n*, 2000 UT 66, ¶ 34, 7 P.3d 777.

5. Counsel asserted that her October 5 filing was timely because it was within thirty days of service of the Order. However, the triggering event for the time to run was not service, but the

(continued…)

¶13    For the foregoing reasons, we decline to disturb the Department's decision.

———————

issuance of the Order. *See* Utah Code § 63G-4-301(1)(a) (providing a request for agency review must be filed "within 30 days after the issuance of the order"); Utah Admin. Code R151-4-901(1)(a) (providing that a request for review must be filed "within 30 calendar days after the issuance of the order"). It is well-settled that the date of issuance of an agency order is the date of the order. *See Dusty's, Inc. v. Auditing Div. of the Utah State Tax Comm'n*, 842 P.2d 868, 870 (Utah 1992) (stating "the date the order constituting the final agency action issues is the date the order bears on its face"); *see also Perez v. South Jordan City*, 2013 UT 1, 296 P.3d 715.